2004 UT App 102

**STATE of Utah, Plaintiff and Appellee,**

v.

**Scott Alan WRIGHT, Defendant and Appellant.**

No. 20010345–CA.

Court of Appeals of Utah.

April 8, 2004.

Margaret P. Lindsay and Patrick V. Lindsay, Aldrich, Nelson, Weight & Esplin, Provo, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Kenneth A. Bronston, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BILLINGS, P.J., DAVIS, and GREENWOOD, JJ.

## OPINION

BILLINGS, Presiding Judge:

¶ 1 Defendant Scott A. Wright appeals his conviction and sentence following his guilty plea for operation of a clandestine laboratory within 500 feet of a residence, a first degree felony. Wright argues that he was denied effective assistance of counsel because his counsel failed to present relevant mitigating evidence at sentencing. We affirm.

## BACKGROUND

¶ 2 Wright pleaded guilty to operating a clandestine laboratory in violation of Utah Code Annotated section 58–37d–4(1)(a) and (b) (Supp.2000), a second degree felony, enhanced to a first degree felony pursuant to Utah Code Annotated section 58–37d–5(d) and (f) (Supp.2000) for operating within 500 feet of a residence. The Honorable Pat B. Brian sentenced Wright to the Utah State Prison for an indeterminate term of five years to life with 170 days credit for time served.

¶ 3 Wright appealed his conviction and subsequently filed a motion for remand pursuant to rule 23B of the Utah Rules of Appellate Procedure,[1] alleging that his trial counsel

---

1. Rule 23B provides, in relevant part:
   A party to an appeal in a criminal case may move the court to remand the case to the trial court for entry of findings of fact, necessary for the appellate court's determination of a claim of ineffective assistance of counsel. The mo-

was ineffective by inadequately advising him on the elements of the offense to which he entered a guilty plea and in her representation of him at sentencing. We refused to address Wright's challenge to the validity of his guilty plea because Wright did not file a timely motion to withdraw his plea under Utah Code Annotated section 77–13–6 (1999). However, we remanded to the trial court for entry of findings of fact relevant to the claim that trial counsel rendered ineffective assistance at sentencing. In particular, we instructed the trial court to determine: (1) what efforts were undertaken by Wright's counsel in preparation for sentencing and what additional efforts she could have undertaken; (2) what were counsel's reasons for handling sentencing as she did; (3) what other information applicable to sentencing could have been discovered by Wright's counsel prior to sentencing; and (4) whether the omission of the supplementary information was prejudicial to Wright at sentencing.

¶ 4 The Honorable Michael K. Burton presided over two evidentiary hearings on July 12, 2002, and August 23, 2002, and issued Findings on Remand on December 3, 2002. Judge Burton made, among others, the following findings regarding the efforts taken by sentencing counsel in preparation for Wright's sentencing: (1) she received and reviewed the presentence report the night before the sentencing hearing; (2) she read through the presentence report with Wright for approximately fifteen minutes; (3) she spoke briefly with Wright's sister; and (4) she made notes on her copy of the presentence report in preparation for her argument.

¶ 5 Judge Burton found that counsel could have undertaken additional efforts in preparation for Wright's sentencing. Specifically, he found that counsel could have presumed prison was the most likely outcome and prepared a detailed and cohesive outline of her argument accordingly. In addition, Judge Burton found that sentencing counsel did not follow her typical practice in preparation for sentencing by failing to (1) review the pre-

sentence report in careful detail; (2) compare facts contained in the presentence report with those documented in her file; (3) contact Wright's previous employers; (4) interview Wright's family in preparation of sentencing; (5) meet with and interview Wright's children and the mother of his children; (6) review the presentence report in careful detail with Wright; and (7) collect and present to the court, counsel, and Adult Probation and Parole, letters of support from Wright's family, friends, and employers. Finally, Judge Burton noted that sentencing counsel testified that she did not believe she had properly represented Wright at sentencing and that she should have offered testimony from his family, friends, and employers who would have characterized Wright as honest, hardworking, and trustworthy.

¶ 6 Judge Burton stated in his Findings on Remand that Judge Brian had testified that none of the evidence Wright contends should have been presented at sentencing would have resulted in a lesser sentence. In particular, Judge Brian testified that he believed Wright had played a major role in the operation of the clandestine lab because manufacturing paraphernalia had been discovered in his bedroom and Wright had been familiar with the location of chemicals and waste materials in other parts of the home. Judge Brian explained that the large amount of methamphetamine and precursor chemicals confiscated from Wright's home and the fact that there were children present when the search warrant was executed weighed heavily in favor of prison time. Additionally, Judge Brian testified that because Wright was "up to his armpits" in manufacturing methamphetamine, mitigating evidence regarding his character, work ethic, and family support would not have made any difference in the sentence imposed in light of the seriousness of his crime. Wright appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 7 Wright argues that he was denied his Sixth Amendment right to effective assistance of counsel at sentencing. "In ruling on

tion shall be available only upon a nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could

support a determination that counsel was ineffective.

Utah R.App. P. 23B(a).

an ineffective assistance claim following a [r]ule 23B hearing, 'we defer to the trial court's findings of fact, but review its legal conclusions for correctness.' " *State v. Bredehoft*, 966 P.2d 285, 289 (Utah Ct.App.1998) (quoting *State v. Classon*, 935 P.2d 524, 531 (Utah Ct.App.1997)).

## ANALYSIS

¶ 8 Wright asserts that sentencing counsel was ineffective in her representation of him because she failed to present relevant mitigating evidence at sentencing. In particular, Wright argues that counsel should have presented character witnesses who would have demonstrated his life history, work history, and family support. Wright further argues that counsel failed to offer sufficient evidence regarding Wright's limited involvement in operating the clandestine lab. Wright asserts that had sentencing counsel presented this evidence, his sentence would have been less severe.

¶ 9 To establish ineffective assistance of counsel, Wright must meet both prongs of the test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). " 'To prevail, a defendant must show, first, that his counsel rendered a deficient performance in some demonstrable manner, which performance fell below an objective standard of reasonable professional judgment and, second, that counsel's performance prejudiced the defendant.' " *Carter v. Galetka*, 2001 UT 96, ¶ 31, 44 P.3d 626 (alteration omitted) (quoting *Parsons v. Barnes*, 871 P.2d 516, 521 (Utah 1994)). " '[B]ecause a defendant has the burden of meeting both parts of the *Strickland* test, it is unnecessary for this court to apply both parts where our inquiry reveals that one of its parts is not satisfied.' " *State v. Mecham*, 2000 UT App 247, ¶ 21, 9 P.3d 777 (alteration in original) (quoting *State v. Marvin*, 964 P.2d 313, 315 (Utah 1998)). Because we conclude that counsel's conduct did not prejudice Defendant at sentencing, we do not analyze counsel's performance in detail but rather simply assume it was deficient. *See Parsons v. Barnes*, 871 P.2d 516, 523 (Utah 1994) ("When it is 'easier to dispose of

an ineffectiveness claim on the ground of lack of sufficient prejudice,' we will do so without addressing whether counsel's performance was professionally reasonable." (quoting *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069)).

¶ 10 Wright argues that counsel failed to present to the sentencing court several mitigating factors rendering her performance objectively deficient and prejudicial. First, Wright asserts that counsel failed to inform the court of the circumstances surrounding Wright's mother's death. Specifically, Wright blames himself for his mother's death because he distracted her while she was driving, which resulted in the accident that caused her death. Counsel only informed the court that his mother's death occurred when Wright was very young and failed to explain the impact this had on Wright.

¶ 11 Second, Wright claims that counsel failed to present evidence regarding the physical and mental abuse he had suffered at the hands of his alcoholic and drug-addicted father. In particular, Wright asserts that counsel should have explained to the court that growing up with his father was a "living hell" and that he had lived in great fear of his father during childhood. Instead, counsel merely stated that his father was a long-term alcoholic and drug addict.

¶ 12 Third, Wright argues that his counsel failed to inform the court that Wright had been sexually abused as a child, contrary to the presentence report. Wright asserts counsel should have disclosed this abuse, as well as the impact the abuse had upon Wright.

¶ 13 Fourth, Wright asserts that counsel failed to adequately inform the court of his personal character and the support he received from family and friends. Specifically, Wright claims that his counsel should have interviewed and presented letters and/or testimony from family, friends, and employers regarding his character.

¶ 14 Finally, Wright argues that counsel failed to correct the court's false presumption that Wright was heavily involved in the operation of the clandestine lab and the distribution of methamphetamine. Wright further

asserts that counsel should have provided affidavits or testimony to support her statement at sentencing that Wright had a "lack of knowledge as to the cooking process."

¶ 15 To satisfy the prejudice prong of the *Strickland* test, "it is not enough to show that the alleged errors had some conceivable effect on the outcome of the trial but, rather, defendant must show that a reasonable probability exists that, but for counsel's error, the result would have been different." *State v. Pursifell,* 746 P.2d 270, 275 (Utah Ct.App. 1987) (quotations and citations omitted). " 'A reasonable probability is a probability sufficient to undermine confidence in the reliability of the outcome.' " *State v. Classon,* 935 P.2d 524, 532 (Utah Ct.App.1997) (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)).

¶ 16 Wright cites two death penalty cases in support of his argument. First, Wright claims that his background is similar to that of the defendant in *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). In *Wiggins,* the United States Supreme Court held that defense counsel should have discovered the following relevant mitigating evidence and that a reasonably competent attorney would have introduced it at sentencing:

> Wiggins experienced severe privation and abuse in the first six years of his life while in the custody of his alcoholic, absentee mother. He suffered physical torment, sexual molestation, and repeated rape during his subsequent years in foster care. The time Wiggins spent homeless, along with his diminished mental capacities, further augment his mitigation case.

*Id.* at ——, 123 S.Ct. at 2542. The Court concluded that Wiggins "has the kind of troubled history we have declared relevant to assessing a defendant's moral culpability" and that "had the jury been confronted with this considerable mitigating evidence, there is a reasonable probability that it would have returned with a different sentence." *Id.* at ——, 123 S.Ct. at 2542–43.

¶ 17 Second, Wright asserts that the facts in *Armstrong v. Dugger,* 833 F.2d 1430 (11th Cir.1987), also are similar to this case. In particular, Wright explains that Armstrong's trial counsel presented only one mitigation witness and failed to present his history of nonviolence and religious activities, his childhood of poverty, his irregular school attendance due to the need to supplement his grandmother's income, and his epileptic seizures and mental retardation. *See id.* at 1433–34. The Eleventh Circuit held that Armstrong's inexperienced trial counsel failed to provide the jury with evidence that focused on the particularized characteristics of Armstrong and concluded that "the demonstrated availability of undiscovered mitigating evidence clearly met the prejudice requirement" under *Strickland. Id.*

¶ 18 The State argues that the evidence Wright maintains should have been presented to the sentencing court is unlike the relevant evidence in both *Wiggins* and *Armstrong.* We agree. Unlike the defendants in *Wiggins* and *Armstrong,* Wright was not facing the possibility of the death penalty. *See Wiggins,* 539 U.S. at ——, 123 S.Ct. at 2531; *Armstrong,* 833 F.2d at 1432. Thus, while Wright's crime is serious, it does not rise to the level of a capital crime where mitigating evidence can mean the difference between life and death. *See* Utah Code Ann. § 76–3–207.(5)(b) (2003) ("The death penalty shall only be imposed if, after considering the totality of the aggravating and mitigating circumstances, the jury is persuaded beyond a reasonable doubt that total aggravation outweighs total mitigation. . . .").

¶ 19 Furthermore, the defendants in *Wiggins* and *Armstrong* had serious mental impairments. *See Wiggins,* 539 U.S. at ——, 123 S.Ct. at 2536 (noting that defendant had an I.Q. of 79); *Armstrong,* 833 F.2d at 1434 (stating that defendant was likely mentally retarded and organically brain damaged). There is no evidence that Wright was in any way mentally impaired. Additionally, while Wright certainly had a difficult childhood and may have been sexually abused, he did not suffer the kind of physical and sexual abuse suffered by the defendant in *Wiggins. See Wiggins,* 539 U.S. at ——, 123 S.Ct. at 2533 (noting that the defendant had been repeatedly raped by individuals from various foster homes and had suffered severe physi-

cal abuse by his biological mother and two of his foster mothers).

¶ 20 In setting forth the prejudice prong in *Strickland,* the Supreme Court held that "[t]he assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision[, and i]t should not depend on the idiosyncracies of the particular decisionmaker, such as unusual propensities toward harshness or leniency." [2] *Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Thus, our inquiry turns on whether a reasonable and impartial decisionmaker would have found the mitigating evidence omitted at sentencing significant and substantial enough to alter the outcome of Wright's sentence.

¶ 21 The evidence before Judge Brian at Wright's sentencing hearing was as follows: (1) a clandestine lab was found in Wright's bedroom, (2) Wright knew of the location of methamphetamine chemicals and waste products in other areas of the home, (3) all precursors necessary to manufacture methamphetamine were located in the home, (4) children were present in the home at the time the search warrant was executed, (5) Wright personally used the methamphetamine produced in the home, and (6) Wright was aware that the lab was operating in the home and the drug produced from it was being distributed. Additionally, Judge Brian was aware of Wright's criminal history at sentencing. Specifically, Wright was referred to juvenile court nine times for offenses varying from burglary of a vehicle to possession of marijuana and drug paraphernalia. Wright was arrested and convicted three times prior to this offense for possession of a controlled substance, domestic violence, and retail theft. Further, Judge Brian was aware of Wright's difficult childhood including the death of his mother when he was five years old and drug use and abuse by his father.

¶ 22 The mitigating evidence provided at the remand hearing was as follows: (1)

Wright blames himself for his mother's death because he distracted her while she was driving which resulted in the accident that caused her death; (2) after his mother's death, Wright sat on a couch and refused to speak to anyone for an entire year; (3) Wright lived in great fear of his alcoholic father during his childhood and was often left home alone with no food in the house; (4) Wright had been sexually abused as a child, contrary to the presentence report; and (5) Wright had considerable support from family and friends.

¶ 23 While the detailed mitigating evidence regarding Wright's traumatic childhood is relevant and should have been presented to the judge at sentencing, we are unpersuaded that this evidence would have changed the sentencing decision of a reasonable, conscientious judge. Furthermore, because there was no evidence produced at the remand hearing to demonstrate Wright's alleged "minor role" in the operation of the clandestine lab, an impartial decisionmaker could have reasonably concluded that Wright was heavily involved in the operation of the clandestine lab found in his bedroom.

¶ 24 In short, a "reasonabl[e], conscientious[ ], and impartial[ ]," *Strickland,* 466 U.S. at 695, 104 S.Ct. at 2068, decisionmaker could have concluded that Wright's unlawful conduct and criminal history warranted a sentence of five years to life notwithstanding Wright's difficult childhood thirty years earlier or current family support. Because Wright has failed to satisfy the prejudice prong of the *Strickland* test, we affirm Wright's conviction and sentence.

¶ 25 WE CONCUR: JAMES Z. DAVIS, Judge, and PAMELA T. GREENWOOD, Judge.

---

**2.** We commend counsel for the State in calling our attention to this language from *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in response to our inquiries about the effect of the testimony of the sentencing judge.