2006 UT App 105

**Rory J. SCHULTZ, Petitioner
and Appellant,**

v.

**STATE of Utah, Respondent
and Appellee.**

**No. 20050079–CA.**

Court of Appeals of Utah.

March 16, 2006.

Brent A. Orozco and Billie J. Siddoway, Jones Waldo Holbrook & McDonough, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Erin Riley, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BENCH, P.J., McHUGH and ORME, JJ.

## MEMORANDUM DECISION

McHUGH, Judge:

¶1 Rory J. Schultz appeals from a court order ruling that Schultz's attorney did not render ineffective assistance when he advised Schultz, who is mentally impaired, of his

appellate rights but did not thereafter contact Schultz to reconfirm his decision not to appeal. We affirm.

¶ 2 Schultz's mental impairment makes it difficult for him to remember things. Schultz, however, was found competent to proceed to trial by a court-ordered competency evaluation.

¶ 3 Schultz pleaded guilty to four reduced counts of sexual abuse of a child. *See* Utah Code Ann. § 76–5–404.1 (2003). He was sentenced to indeterminate prison terms of one to fifteen years on each of the four counts, with the sentences for counts one, two, and three running concurrently, and the sentence for count four running consecutively to the first three.

¶ 4 After sentencing, Schultz and his trial counsel met in a holding cell. Schultz was "very upset" and "crying at the time" because he had hoped to be confined in a mental health facility rather than prison. He stated that he would do anything to avoid going to prison. Trial counsel and Schultz discussed Schultz's appellate rights, with counsel assessing Schultz's chances of a successful appeal as very unlikely. Based on that assessment, Schultz instructed trial counsel not to file an appeal. Consistent with those instructions, counsel did not file an appeal but advised Schultz to contact him if he changed his mind.[1] Trial counsel later testified that he believed he had successfully communicated with Schultz concerning Schultz's appellate rights. Schultz never thereafter asked his attorney to file a notice of appeal.

¶ 5 Schultz later filed a pro se notice of appeal, which we dismissed as untimely. Schultz also filed a pro se Petition for Extraordinary Relief that challenged his conviction and sought post-conviction relief. The trial court held an evidentiary hearing on the ineffective assistance claim in the petition. The court found that trial counsel properly notified Schultz of his right to appeal and followed Schultz's express direction not to do so. The court then concluded that counsel "was not required to override [Schultz's] directions and file a notice of appeal despite [Schultz's] direction not to do so. Nor was [counsel] required to continue checking with [Schultz] to determine whether [Schultz] had changed his mind and wanted to appeal."

¶ 6 On appeal, Schultz challenges the trial court's conclusion that he was not denied effective assistance of counsel. Schultz argues that although he was previously found to be competent, he was so upset at receiving a prison sentence that he was temporarily incompetent during the discussion of his right to appeal. Therefore, Schultz asserts, trial counsel had a duty to explain the appellate rights in a repetitious manner and also to check back with Schultz to reconfirm his decision not to appeal. Schultz asks us to remand his case to the trial court for resentencing so that his appellate rights may be revived. *See Manning v. State*, 2004 UT App 87, ¶ 10, 89 P.3d 196 (noting that in certain limited circumstances a defendant may be resentenced, starting a new thirty-day period for filing an appeal), *aff'd on other grounds*, 2005 UT 61, 122 P.3d 628.

¶ 7 We review an appeal from a judgment on a petition for post-conviction relief for correctness, giving no deference to the post-conviction court's conclusions. *See id.* at ¶ 8. An ineffective assistance claim presents a mixed question of law and fact, and we review legal conclusions for correctness and factual findings for clear error. *See Jacobs v. State*, 2001 UT 17, ¶ 20, 20 P.3d 382.

¶ 8 To demonstrate ineffective assistance of counsel, Schultz must meet the heavy burden of showing that (1) trial counsel rendered deficient performance that fell below an objective standard of reasonable professional judgment and (2) counsel's deficient performance was prejudicial. *See Manning*, 2004 UT App 87 at ¶ 31, 89 P.3d 196.

¶ 9 Schultz has failed to make this showing. We agree with the trial court that trial counsel sufficiently explained Schultz's

---

1. Trial counsel recounted this conversation at an evidentiary hearing before the trial court. Schultz, however, testified at the same hearing that counsel never said anything to him about his right to appeal and that he learned of this right from another inmate. The court found that Schultz's testimony on this point was "not credible."

appellate rights. It is not surprising that Schultz was upset after learning that he was going to prison. *Cf. State v. Benvenuto,* 1999 UT 60,¶ 18, 983 P.2d 556 (recognizing that most people confronting possibility of lengthy prison sentence would suffer "some level of depression"). We cannot say, however, that this distress equated to temporary incompetence. *Cf. State v. Young,* 780 P.2d 1233, 1237 (Utah 1989) (noting with approval the trial court's observation that defendant's distress during trial did not rise to the level of incompetence and was not unusual under the circumstances of defending serious criminal charges). Furthermore, although trial counsel indicated it was sometimes difficult to get Schultz to focus on certain issues, counsel believed Schultz understood and knowingly waived his right to appeal. The trial court found counsel's testimony credible, and Schultz has not challenged those findings on appeal.

■■■ ¶ 10 "[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores–Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (emphasis omitted) (citing *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). Furthermore, trial counsel was not required to contact Schultz again to determine whether he had changed his mind. Schultz's reliance on *Meade v. Oregon State Hospital,* No. 98–36063, 1999 WL 970537, 1999 U.S.App. LEXIS 27383 (9th Cir. Oct. 25, 1999) (mem.),[2] does not support a different result. Unlike the defendant in *Meade,* Schultz was not found to be legally insane. *See id.* at *4. To the contrary, Schultz was evaluated and found competent. Under these circumstances, and in light of the testimony from trial counsel that he did effectively communicate with Schultz concerning his

right to appeal, we agree with the trial court that there was no continuing obligation to check back with Schultz to determine whether he had changed his mind. Schultz cannot show that trial counsel's performance was deficient, and therefore we need not address the question of prejudice.[3] *See State v. Wright,* 2004 UT App 102,¶ 9, 90 P.3d 644 ("[B]ecause a defendant has the burden of meeting both parts of [this] test, it is unnecessary for this court to apply both parts where our inquiry reveals that one of its parts is not satisfied." (first alteration in original) (quotations and citation omitted)).

¶ 11 We affirm.

¶ 12 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and GREGORY K. ORME, Judge.

---

2. We recognize that it is generally not appropriate to cite unpublished cases as authority. *See Meade v. Oregon State Hosp.,* No. 98–36063, 1999 WL 970537, at *1 n. 1, 1999 U.S.App. LEXIS 27383, at *1 n. 1 (9th Cir. Oct. 25, 1999) (mem.). It is necessary to discuss this case here, however, because Schultz relied on it in his brief.

3. Because this case involves a guilty plea, we note that even if we were to conclude that

Schultz could now appeal, those appellate rights would be quite limited. *See* Utah R.Crim. P. 11(e)(8); *see also Roe v. Flores–Ortega,* 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (stating that "a guilty plea reduces the scope of potentially appealable issues" and "may indicate that the defendant seeks an end to judicial proceedings").