2006 UT App 288

**STATE of Utah, Plaintiff and Appellee,**

v.

**Bryan Allen PERSON, Defendant and Appellant.**

**No. 20050323–CA.**

Court of Appeals of Utah.

July 7, 2006.

Dee W. Smith, Richards Caine & Allen, Ogden, for Appellant.

Mark L. Shurtleff, Attorney General, and Karen A. Klucznik, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and ORME.

## OPINION

BILLINGS, Judge:

¶ 1 Defendant Bryan Allen Person appeals the trial court's denial of his motion to withdraw his guilty plea. Defendant maintains that the trial court improperly denied his motion to withdraw because, prior to ruling on the motion, the trial court did not afford Defendant an evidentiary hearing and neglected to appoint new counsel. Defendant also claims he received ineffective assistance of counsel because his trial attorney did not ask the trial court to appoint conflict-free counsel and failed to present any evidence or argument on Defendant's behalf. We affirm.

## BACKGROUND

¶ 2 On October 13, 2004, Defendant asked Travis Mendoza (Mendoza) for a ride to the mouth of Ogden Canyon to look for a lost ring. Upon arriving at the canyon, the two men began searching for the ring. After they had wandered some distance from the road, Defendant pulled out a gun and demanded that Mendoza relinquish his valuables. In response, Mendoza gave Defendant his car keys, wallet, and other miscellaneous property. Mendoza then attempted to reach for Defendant's gun. A struggle ensued between the two men that ended when the gun discharged and shot Mendoza in the arm. Defendant fled the scene of the crime in Mendoza's vehicle. A short time later, Defendant led police on a brief car chase that concluded when Defendant crashed Mendoza's car. Police apprehended Defendant as he tried to flee on foot and found Mendoza's wallet in Defendant's possession and Defendant's gun in the trash can of a nearby residence.

¶ 3 The State charged Defendant with aggravated robbery, a first degree felony, see Utah Code Ann. § 76-6-302 (2003), and possession of a firearm by a restricted person, a second degree felony, see Utah Code Ann. § 76-10-503(2)(a) (2003).

¶ 4 More than three months later, Defendant pleaded guilty to the aggravated robbery charge, and the State agreed to dismiss the firearm charge and to not refer the charge to federal prosecutors. Prior to accepting Defendant's guilty plea, the trial court engaged in a rule 11 plea colloquy, see Utah R.Crim. P. 11(e), discussing with Defendant the consequences of entering a guilty plea.[1] During this discussion, Defendant af-

---

1. Specifically, the trial court discussed with De-

fendant his "right to continue [his] plea of not

firmatively acknowledged his understanding of such consequences. Defendant also expressly indicated to the trial court that he was satisfied with the legal representation he received from the public defender, and that he was entering his plea "at [his] own free will and choice." The trial court "accept[ed Defendant's] plea of guilty, find[ing] that [Defendant] made it knowingly and voluntarily." Defendant subsequently signed and entered a Statement of Defendant in Support of Guilty Plea and Certificate of Counsel.

¶ 5 Prior to his sentencing hearing, Defendant sent a letter to the trial court, stating:

> I know I said I understood everything that was going on, but since court I've been talking to people around me including the contract lawyer here in Draper prison and [I] have come to re[a]lize that I should not have taken the five to life. The only reason I did is because my lawyer said if I was found guilty on both charges by a jury I would have to do the five to life first then the one to fifteen. I don't feel that my lawyer p[er]formed to the best of his ability[ ] for me. I believe strongly that I was rushed through this whole matter and would like to withdraw my plea.

¶ 6 Defense counsel subsequently filed a formal motion to withdraw Defendant's guilty plea, explaining that "[D]efendant fe[lt] that his attorney did not perform to the best of his abilities and that . . . [D]efendant fe[lt] he was rushed through the whole matter." The attorney who filed Defendant's motion was the same attorney Defendant complained of therein. The motion to withdraw omitted Defendant's claim as to his attorney's advice regarding the consecutive sentences, and the motion stated that it was "based upon Defendant's [m]emorandum to be submitted." Defense counsel never filed a memorandum in support of the motion. The State did, how-

ever, submit a response to Defendant's motion.

¶ 7 At Defendant's sentencing hearing, the trial court acknowledged Defendant's motion to withdraw his guilty plea and asked if Defendant still wished to withdraw his plea. Defendant, by and through counsel, indicated that he did. When asked, however, if Defendant wished to make any further argument than what he had already submitted, defense counsel said no. Consequently, the trial court, based on the submissions it had before it—Defendant's motion to withdraw his guilty plea and the State's response to that motion—instructed Defendant:

> It [wa]s not sufficient to claim that your attorney did not perform to the best of his abilities and you felt rushed. You and [the court] had a discussion about this case, [the trial court] went through what your rights were in great detail and we talked about that over and over. . . . And in addition . . ., there were things placed in writing and [the court] find[s] that there are no grounds sufficient for [it] to grant the motion, and therefore, [it] den[ies] the motion to set aside your plea.

Defendant appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 8 Defendant claims that the trial court improperly denied his motion to withdraw his guilty plea because the court ruled on the motion without holding an evidentiary hearing and without appointing Defendant new counsel. Typically, we review "[t]he denial of a motion to withdraw a guilty plea . . . under an abuse of discretion standard, incorporating a clearly erroneous standard for findings of fact" and reviewing questions of law for correctness. *State v. Martinez*, 2001 UT 12, ¶ 14, 26 P.3d 203.

guilty," his "right . . . to a jury trial," and the relinquishment of his right to appeal his conviction if he entered a guilty plea. The trial court also informed Defendant that if he did not enter a guilty plea "[t]he State would call witnesses and ask them questions"; "[Defendant's] attorney could cross-examine th[e State's] witnesses"; "[i]f [Defendant] had witnesses that [he] wanted [t]here, the [c]ourt would subpoena them and require them to be [t]here"; Defendant "would not have to testify against [him]self" at trial;

Defendant would be presumed innocent at trial and "[t]he State would have to prove [his] guilt beyond a reasonable doubt before [he] could be convicted"; all eight members of the jury would have to agree that Defendant was guilty in order to convict him; and if Defendant pleaded guilty the State would not have to prove its case against him. *See* Utah R.Crim. P. 11(e) (setting forth the necessary trial court findings for sufficient plea colloquy).

¶ 9 Defendant also maintains that he received ineffective assistance of counsel when his trial attorney failed to ask the trial court to appoint conflict-free counsel and when the attorney did not present any evidence or argument on Defendant's behalf. "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law," *State v. Clark,* 2004 UT 25, ¶ 6, 89 P.3d 162, which we review for correctness, *see State v. Diaz,* 2002 UT App 288, ¶ 13, 55 P.3d 1131.

## ANALYSIS

### I. Evidentiary Hearing and New Counsel

¶ 10 Defendant first argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea because, prior to ruling on the motion, the court did not hold an evidentiary hearing and did not appoint new counsel. Defendant, however, raises this issue for the first time on appeal. We are therefore precluded from reviewing it without a demonstration by Defendant of plain error or exceptional circumstances. *See State v. Winfield,* 2006 UT 4, ¶ 23, 128 P.3d 1171 (" '[U]nder ordinary circumstances, we will not consider an issue brought for the first time on appeal unless the trial court committed plain error or [unless] exceptional circumstances [exist].' " (quoting *State v. Pinder,* 2005 UT 15, ¶ 45, 114 P.3d 551) (additional quotations and citation omitted)). "Because [Defendant] does not argue that 'exceptional circumstances' or 'plain error' justif[y our] review of the issue, we decline to consider it on appeal." *State v. Pledger,* 896 P.2d 1226, 1229 n. 5 (Utah 1995); *see also Winfield,* 2006 UT 4 at ¶ 23, 128 P.3d 1171 ("Because [defendant] argued neither plain error nor exceptional circumstances in his brief on appeal, review is available only if the issue was adequately preserved.").

¶ 11 Further, "under the doctrine of invited error, we have declined to engage in even plain error review when 'counsel, either by statement or act, affirmatively represented to the [trial] court that he or she had no objection to the [proceedings].' " *Winfield,* 2006 UT 4 at ¶ 14, 128 P.3d 1171 (alterations in original) (quoting *State v. Hamilton,* 2003 UT 22, ¶ 54, 70 P.3d 111). Here, defense counsel affirmatively indicated to the trial court that he had no objection to the trial court proceeding without holding a hearing or appointing new counsel. In Defendant's motion to withdraw his guilty plea, defense counsel did not request an evidentiary hearing or an appointment of new counsel. Moreover, when asked at Defendant's sentencing hearing if Defendant wished to submit any further arguments regarding his motion to withdraw, defense counsel said no. Thus, we decline to consider Defendant's challenge to the trial court's denial of his motion to withdraw his guilty plea.

### II. Ineffective Assistance of Counsel

¶ 12 Defendant also argues that he received ineffective assistance of counsel because his trial attorney (1) did not submit a memorandum in support of Defendant's motion to withdraw his guilty plea and (2) did not ask the trial court to appoint conflict-free counsel when Defendant stated that his desire to withdraw his plea stemmed from his dissatisfaction with trial counsel's performance. In raising an ineffective assistance of counsel claim for the first time on appeal, Defendant "bear[s] the burden of proof with respect to [his] appeal[ ], including the burdens attending the preservation and presentation of the record." *State v. Litherland,* 2000 UT 76, ¶ 17, 12 P.3d 92.[2] Accordingly, "[this] court will presume that any argument of ineffectiveness presented to it is supported by all the relevant evidence of which [D]efendant is aware." *Id.* Thus, "[w]here the record appears inadequate in any fashion, ambiguities or deficiencies resulting therefrom ... will be construed in favor of a finding that counsel performed effectively." *Id.*

---

2. Where trial counsel's alleged ineffectiveness caused or exacerbated record deficiencies, defendants ... have an appropriate procedural tool for remedying those deficiencies. If a defendant is aware of any "nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective," Utah R.App. P. 23B, defendant bears the primary obligation and burden of moving for a temporary remand.
*State v. Litherland,* 2000 UT 76, ¶ 16, 12 P.3d 92.

¶ 13 For Defendant to demonstrate that trial counsel's alleged failures amounted to ineffective assistance of counsel, Defendant "must meet the heavy burden of showing that (1) trial counsel rendered deficient performance which fell below an objective standard of reasonable professional judgment[ ] and (2) counsel's deficient performance prejudiced [Defendant]." *State v. Chacon*, 962 P.2d 48, 50 (Utah 1998); *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant "must therefore identify specific acts or omissions that fell outside the wide range of professional assistance and illustrate that, absent those acts or omissions, there is a reasonable probability of a more favorable result." *Id.* (quotations and citations omitted). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *State v. Arguelles*, 921 P.2d 439, 441 (Utah 1996) (quoting *State v. Templin*, 805 P.2d 182, 187 (Utah 1990)) (additional quotations and citations omitted). "[B]ecause ... [D]efendant has the burden of meeting both parts of the [ineffective assistance of counsel] test, it is unnecessary for this court to apply both parts where our inquiry reveals that one of [the] parts is not satisfied." *State v. Wright*, 2004 UT App 102, ¶ 9, 90 P.3d 644 (first alteration in original) (quotations and citation omitted).

¶ 14 We turn first to Defendant's claim that he received ineffective assistance of counsel because his trial attorney neglected to submit a memorandum in support of Defendant's motion to withdraw his plea and failed to make any arguments at Defendant's sentencing hearing in support of withdrawal. We conclude that Defendant failed to demonstrate that any purported prejudice Defendant suffered as a result of trial counsel's omissions was "a demonstrable reality and not a speculative matter." *Chacon*, 962 P.2d at 50 (quotations and citations omitted). Here, Defendant did not present this court with any insight, much less record support, as to what information trial counsel could have provided that would have created a reasonable probability of the trial court granting Defendant's motion to withdraw his guilty plea. *See Arguelles*, 921 P.2d at 441 (reviewing defendant's ineffective assistance

of counsel claim and stressing that defendant had "not proffered any record evidence which undermines our confidence in his conviction"). Rather, "[Defendant] urges this court to assess the probable impact of [the absent memorandum and defense counsel's arguments at the hearing] without placing before us the substance of th[ose memorandum and arguments]." *Id.* Such an "invitation to speculate cannot substitute for proof of prejudice," *id.*, and therefore, we conclude that Defendant failed to satisfy the prejudice prong of the ineffective assistance of counsel test. Since Defendant "has [not] demonstrated that he was prejudiced by his trial counsel's performance, we need not decide whether that performance was deficient." *Id.*

¶ 15 We next address Defendant's contention that he received ineffective assistance of counsel because trial counsel neglected to ask the trial court to appoint conflict-free counsel despite Defendant basing his motion to withdraw his plea on his dissatisfaction with trial counsel. "[W]hen an ineffectiveness claim is grounded on a conflict of interest, we presume prejudice if the defendant demonstrates 'that an actual conflict of interest adversely affected his lawyer's performance.' " *State v. Brandley*, 972 P.2d 78, 85 (Utah Ct.App.1998) (quoting *State v. Taylor*, 947 P.2d 681, 686 (Utah 1997)) (additional quotations and citations omitted). "To establish an actual conflict of interest, defendants must show, as a threshold matter, that trial counsel 'was required to make a choice advancing his own interests to the detriment of his client's interests.' " *Id.* (quoting *Taylor*, 947 P.2d at 686) (additional quotations and citations omitted). Importantly, it is Defendant's "burden of demonstrating with specificity that the actual conflict existed and adversely affected [trial counsel's] performance." *Id.*

¶ 16 Here, Defendant argues that "because [his] allegations were that his trial counsel had in effect been ineffective," an actual conflict existed since "[i]t would have been contrary to the [trial] attorney's own interests to appear in court and inform the court that he

had been ineffective." [3] We, however, decline to reach this issue because we conclude Defendant failed to demonstrate that any alleged actual conflict adversely affected trial counsel's performance. *See Smith v. Newsome,* 876 F.2d 1461, 1464 (11th Cir.1989) ("Because we conclude that the performance of petitioners' lawyer was not adversely affected, we do not address whether an actual conflict existed."); *see also United States v. Rahal,* 191 F.3d 642, 645 (6th Cir.1999) (stating that where defendants claimed ineffective assistance of counsel based on a conflict of interest, they "must prove both that an actual conflict of interest existed and that the conflict adversely affected" their resulting pleas); *State v. Love,* 227 Wis.2d 60, 594 N.W.2d 806, 812 (1999) ("[A] defendant asserting a Sixth Amendment conflict of interest claim . . . must prove that both an actual conflict of interest existed and that the attorney's performance was adversely affected by the conflict.").

 ¶ 17 To show that the alleged conflict adversely affected trial counsel's performance, Defendant must establish that "(1) other counsel likely would have approached the case differently and (2) a tactical reason other than the alleged conflict [did not] exist[ ] for [counsel's] decisions." *State v. Lovell,* 1999 UT 40, ¶ 24, 984 P.2d 382. Defendant failed to establish either of these requirements and thus neglected to show how the alleged conflict adversely affected trial counsel's performance. We therefore refuse to presume prejudice, and because Defendant did not demonstrate a reasonable probability that the trial court would have granted Defendant's motion to withdraw had defense counsel not argued the motion, Defendant's claim of ineffective assistance of counsel fails. *See State v. Chacon,* 962 P.2d 48, 50 (Utah 1998).

## CONCLUSION

¶ 18 In conclusion, because Defendant failed to argue plain error or exceptional circumstances, and in fact invited the error of which he now complains, we refuse to consid-

er for the first time on appeal Defendant's claim that the trial court improperly denied his motion to withdraw his guilty plea without first holding an evidentiary hearing and assigning new counsel. Further, because Defendant failed to demonstrate any resulting prejudice, we conclude that he did not receive ineffective assistance of counsel. We affirm.

¶ 19 WE CONCUR: RUSSELL W. BENCH, Presiding Judge and GREGORY K. ORME, Judge.

---

**3.** Trial counsel did inform the trial court that Defendant essentially believed counsel had been ineffective, stating in Defendant's motion to withdraw his plea that "[D]efendant fe[lt] that his attorney [ha]d not perform[ed] to the best of his abilities."