2008 UT App 219

**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Juan Carlos DIAZ–AREVALO, Defendant and Appellant.**

**No. 20060802–CA.**

Court of Appeals of Utah.

June 5, 2008.

Joan C. Watt, Nisa J. Sisneros, and John Pace, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Jeffrey S. Gray, asst. atty. gen., Salt Lake City, for Appellee.

Before THORNE, Associate P.J., DAVIS and ORME, JJ.

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 Juan Carlos Diaz–Arevalo appeals from the district court's denial of his motion to withdraw his guilty plea to a charge of murder, a first degree felony, *see* Utah Code Ann. § 76–5–203 (2003). We affirm.

## BACKGROUND

¶ 2 On May 16, 2005, Diaz–Arevalo attempted to recover a vehicle from his former girlfriend, Lindsey Rae Fawson. Diaz–Arevalo was armed with a sawed-off shotgun. When Fawson resisted, a struggle ensued, and Fawson was killed by a single shotgun blast to the head. Diaz–Arevalo was subsequently charged with multiple crimes, including a charge of murder for Fawson's death.

¶ 3 The State's Amended Information stated three alternative theories of murder under Utah Code section 76–5–203: an intentional or knowing killing, *see id.* § 76–5–203(2)(a); a killing committed with depraved indifference to human life, *see id.* § 76–5–203(2)(c); and a killing committed with the intent to cause serious bodily injury, *see id.* § 76–5–203(2)(b). Diaz–Arevalo eventually agreed to plead guilty to murder under the State's depraved indifference theory, which was described in the Amended Information as follows: "Diaz–Arevalo, a party to the

offense, acting under circumstances evidencing depraved indifference to human life, engaged in conduct which created a grave risk of death to another, and thereby caused the death of Lindsey Rae Fawson." Diaz–Arevalo's plea affidavit defined the offense similarly, as did the district court at Diaz–Arevalo's May 15, 2006 change-of-plea hearing. Although these definitions adequately paraphrase the statute that was in effect at the time,[1] each definition omits an element that has been required by the Utah Supreme Court—that a defendant *knowingly* created a grave risk of death. *See State v. Standiford,* 769 P.2d 254, 264 (Utah 1988).[2]

¶ 4 At Diaz–Arevalo's change-of-plea hearing, the State proffered the following factual basis for the murder plea: "[Diaz–Arevalo] used a sawed-off shotgun and aimed it at the victim, Lindsey Fawson, pulled the trigger, and it caused her death." In support of other counts to which Diaz–Arevalo was pleading, the State proffered that Diaz–Arevalo "admitted to purchasing that shotgun and using it in the commission of Lindsey Fawson's death" and that Diaz–Arevalo "shot at" the victim. Diaz–Arevalo agreed with the State's proffer and the district court accepted his guilty plea.

¶ 5 After the change-of-plea hearing but before sentencing, Diaz–Arevalo wrote a letter to the district court requesting that he be sentenced to concurrent sentences for his crimes. In the letter, Diaz–Arevalo asserted that the shooting of Fawson was an accident and that he had been on methamphetamine at the time of the shooting. On August 8, 2006, one day prior to sentencing, Diaz–Arevalo filed a motion to withdraw his guilty plea, asserting generally that he had not been adequately represented by his counsel and that his plea had not been knowingly

made. The motion to withdraw referenced Diaz–Arevalo's earlier letter to the court.

¶ 6 At the August 9 sentencing hearing, the district court addressed Diaz–Arevalo's motion. Diaz–Arevalo's counsel had nothing to offer the court respecting Diaz–Arevalo's motion, and the court questioned Diaz–Arevalo directly about the exact grounds for his motion. Diaz–Arevalo identified two such grounds: first, that he had been given bad advice by his counsel about the possible federal law consequences of his guilty plea, and second, that Fawson's death was an accident and that he wanted to "clear that up." Diaz–Arevalo offered no further explanation of why Fawson's death should be deemed accidental, nor did he raise any factual assertions inconsistent with the State's proffer at the change-of-plea hearing. Neither Diaz–Arevalo nor his counsel raised the issue of the knowledge element missing from the definition of the murder charge, *see id.* After hearing from both Diaz–Arevalo and the State, the district court denied the motion. Diaz–Arevalo appeals the district court's denial order.

## ISSUE AND STANDARD OF REVIEW

¶ 7 Diaz–Arevalo argues that the district court committed plain error when it denied his motion to withdraw his guilty plea to one count of murder. The basis of the alleged error is that the district court accepted Diaz–Arevalo's plea to depraved indifference murder without instructing him as to all of the elements of the charge and ensuring that he understood them. Specifically, the elements of the murder charge did not reflect that, under *State v. Standiford,* 769 P.2d 254 (Utah 1988), Diaz–Arevalo must have acted *knowingly* in creating a grave risk of death to another. *See id.* at 264.

1. The version of the murder statute in effect at the time of Fawson's death provided that depraved indifference murder was committed when, "acting under circumstances evidencing a depraved indifference to human life, [an] actor engages in conduct which creates a grave risk of death to another and thereby causes the death of another." Utah Code Ann. § 76–5–203(2)(c) (2003).

2. Effective April 30, 2007, the legislature amended Utah Code section 76–5–203 to include the knowledge element previously imposed by *State v. Standiford,* 769 P.2d 254 (Utah 1988). *See* Utah Code Ann. § 76–5–203(2)(c) (Supp.2007) (stating that a person commits murder if, "acting under circumstances evidencing a depraved indifference to human life, the actor *knowingly* engages in conduct which creates a grave risk of death to another and thereby causes the death of another" (emphasis added)).

¶ 8 In appropriate cases, we review issues not preserved in the district court for plain error.[3] *See State v. Person,* 2006 UT App 288, ¶ 10, 140 P.3d 584. Under the plain error doctrine, we will reverse the trial court's ruling only if (i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the defendant. *See State v. Cox,* 2007 UT App 317, ¶ 10, 169 P.3d 806.

## ANALYSIS

### I. Diaz–Arevalo's Claims of Error Not Preserved

¶ 9 Diaz–Arevalo argues that the issue of the omitted knowledge element, *see Standiford,* 769 P.2d at 264, was properly preserved for appeal. Diaz–Arevalo claims preservation based on his argument to the district court that Fawson's death was accidental, and the district court's erroneous statement that Diaz–Arevalo had been informed of all of the elements of the murder charge. We disagree with Diaz–Arevalo's contention that these facts establish proper preservation of the *Standiford* issue.

¶ 10 In order to preserve an issue for appeal, a defendant must raise the issue before the district court in such a way that the court is placed on notice of potential error and then has the opportunity to correct or avoid the error. *See State v. Dean,* 2004 UT 63, ¶ 13, 95 P.3d 276 ("A proper objection 'puts the judge on notice of the asserted error and allows the opportunity for correction at that time in the course of the proceeding.'" (quoting *Broberg v. Hess,* 782 P.2d 198, 201 (Utah Ct.App.1989))). The issue must be "'sufficiently raised to a "level of consciousness" before the trial court and must be supported by evidence or relevant legal authority.'" *Id.* (quoting *State v. Schultz,* 2002 UT App 366, ¶ 19, 58 P.3d 879). "[P]erfunc-

torily mentioning an issue, without more, does not preserve it for appeal." *State v. Worwood,* 2007 UT 47, ¶ 16, 164 P.3d 397.

¶ 11 Diaz–Arevalo did not refer the district court to *Standiford* or its progeny, nor did he assert any flaw in the elements of the murder charge. Despite this, Diaz–Arevalo claims that the "record as a whole" demonstrates that he preserved the *Standiford* issue. Diaz–Arevalo bases this claim on his various assertions to the district court that Fawson's death was accidental,[4] and on comments made by the district court in rejecting his motion. In explaining its denial of Diaz–Arevalo's motion, the district court stated:

[Diaz–Arevalo] says first of all the killing of Lindsey [Rae Fawson] was an accident and he wants the opportunity to "clear that up," I believe were his words. However, during the plea colloquy, that's when I talked to you before the entry of your plea, Mr. Diaz–Arevalo, the charge was explained to you. The elements of the offense were explained. You were asked if you understood them. And then you were asked if you admitted that they were true and that you were guilty of the offense and you said that you did.

For some reason now apparently you've changed your mind and feel as though what you admitted on the date you entered you[r] guilty plea was incorrect. At least on that occasion you were fully informed of what the charge was and you said that you understood it and you were willing to admit that you were guilty of that offense.

Based on this statement, Diaz–Arevalo asserts that "the issue of whether the defendant was fully informed of the elements for depraved indifference [murder] was raised such that the court was able to address it on its merits."

¶ 12 We cannot agree with Diaz–Arevalo's characterization. Diaz–Arevalo gave the district court no reason to look beyond

---

3. Diaz–Arevalo also argues that his *Standiford* issue was properly preserved below, but we reject that argument as explained in our analysis.

4. For example, in a letter to the district court, Diaz–Arevalo explained:

I made the fatal mistake of pulling out the gun, but not to harm her in any way.... What happened next was an [accident]. I had the gun pointed to the ground but as she started to kick at me from inside our car somehow her feet picked up the gun and the impact of her kicks caused the gun to go off.

the boundaries of the Amended Information or the statute itself to ascertain the elements of depraved indifference murder. Diaz–Arevalo's argument to the district court was not that the murder charge had omitted an element, but rather that the facts surrounding Fawson's death did not support the charge as it was defined in the Amended Information and at the change-of-plea hearing. This factual dispute failed to apprise the district court of any problem pertaining to the elements of the murder charge, and Diaz–Arevalo therefore failed to preserve the *Standiford* issue for appeal. *See Dean,* 2004 UT 63, ¶ 13, 95 P.3d 276.

### II. Diaz–Arevalo Has Failed to Show Plain Error

■ ¶ 13 In the alternative, Diaz–Arevalo argues that the district court's denial of his timely motion to withdraw his guilty plea constitutes plain error in light of the *Standiford* issue. *See generally State v. Person,* 2006 UT App 288, ¶ 10, 140 P.3d 584 (discussing the requirement of raising the plain error doctrine to obtain review of unpreserved issues). To prevail under the plain error doctrine, Diaz–Arevalo must demonstrate that there was error below, that the error should have been obvious to the district court, and that the error was prejudicial. *See State v. Cox,* 2007 UT App 317, ¶ 10, 169 P.3d 806. " 'If any one of these requirements is not met, plain error is not established.' " *State v. Dean,* 2004 UT 63, ¶ 15, 95 P.3d 276 (quoting *State v. Dunn,* 850 P.2d 1201, 1209 (Utah 1993)).

¶ 14 Under the circumstances of this case, we have little trouble concluding that the district court's failure to ensure Diaz–Arevalo's understanding of each of the elements of depraved indifference murder constituted error and that the error should have been obvious to the court. Although the district court's explanation of the elements of murder accurately paraphrased the statute in effect at the time, the court did not instruct Diaz–Arevalo that he must have knowingly created a grave risk of death in order to commit the crime charged. This element was required by the Utah Supreme Court in 1988 and had therefore been established law for over a

decade prior to Diaz–Arevalo's plea. *See State v. Standiford,* 769 P.2d 254, 264 (Utah 1988); *see also State v. Powell,* 872 P.2d 1027, 1030 (Utah 1994); *State v. Vigil,* 842 P.2d 843, 844 (Utah 1992), *overruled in part on other grounds by State v. Casey,* 2003 UT 55, 82 P.3d 1106; *State v. Blubaugh,* 904 P.2d 688, 694 (Utah Ct.App.1995). Under these circumstances, we can only conclude that the failure to ensure Diaz–Arevalo's understanding and acceptance of the omitted element constitutes both error and obvious error on the part of the district court.

¶ 15 Despite this obvious error, Diaz–Arevalo cannot prevail under the plain error doctrine because he fails to establish that the alleged error was harmful. As explained in *State v. Dean,* 2004 UT 63, 95 P.3d 276, a defendant seeking to establish harmful error in the context of a failed attempt to withdraw a guilty plea must "assert[ ] that 'but for' the alleged error, he or she would not have pled guilty." *Id.* ¶ 22. Here, Diaz–Arevalo has not expressly asserted, below or on appeal, that he would not have pleaded guilty to murder if that charge had been properly explained to him.

¶ 16 Nor can we infer such an assertion from his proclaimed belief that Fawson's death was accidental. Diaz–Arevalo's characterization of Fawson's death as accidental is not categorically inconsistent with his having known that pointing a gun at another human being presents a grave risk of death. For example, even though he aimed the gun at Fawson, Diaz–Arevalo may have believed that it would not discharge because he had no intention of pulling the trigger. If, as Diaz–Arevalo now asserts, he pulled the trigger accidentally due to Fawson's struggling, he may subjectively believe that her death was an accident; nevertheless, he may still knowingly have created the gravely dangerous circumstances that led to that death. Thus, we cannot assume that Diaz–Arevalo would not have entered his plea to a properly defined murder charge merely because he asserts that Fawson's death was accidental.

¶ 17 Because Diaz–Arevalo has not asserted that he would not have pleaded guilty to a properly defined murder charge, he has not established harmful error by the district

court. Having failed to establish harmful error, he has not established plain error, and in the absence of plain error we will not disturb the district court's ruling below.

## CONCLUSION

¶ 18 Diaz–Arevalo's motion to withdraw his guilty plea failed to raise or preserve the issue of the inadequacy of the district court's explanation of the elements of depraved indifference murder under *State v. Standiford*, 769 P.2d 254 (Utah 1988). We therefore address his arguments under the plain error doctrine. Diaz–Arevalo has demonstrated that an error did occur at the time of his plea in that he was not informed of the "knowing" element of depraved indifference murder. *See id.* at 264. Further, in light of the well-established case law, we must conclude that the error should have been obvious to the district court. However, Diaz–Arevalo has not established prejudice because he has not asserted that he would not have entered his guilty plea absent the district court's error. Accordingly, relief is not warranted under the plain error doctrine, and we affirm the order of the district court.

¶ 19 WE CONCUR: JAMES Z. DAVIS and GREGORY K. ORME, Judges.