2009 UT App 226

STATE of Utah, Plaintiff and Appellee,

v.

Darrell PATRICK, Defendant and Appellant.

No. 20050761–CA.

Court of Appeals of Utah.

Aug. 20, 2009.

David O. Drake, Midvale, for Appellant.

Mark L. Shurtleff and Karen A. Klucznik, Salt Lake City, for Appellee.

Before Judges THORNE, BENCH, and McHUGH.

OPINION

THORNE, Associate Presiding Judge:

¶ 1 Darrell Patrick appeals from his conviction of one count of murder, a first degree felony, *see* Utah Code Ann. 76–5–203 (2008).[1] We affirm.

BACKGROUND

¶ 2 This case arises out of the September 3, 2004 shooting death of Shawn Scott. It is undisputed that Scott was shot by Patrick, his step-father, and that the shooting occurred in the home shared by Patrick and Evelyn Kay Patrick (Kay), who is Patrick's wife and Scott's mother. After a five-day trial, a jury rejected Patrick's claims of self-defense, defense of others, and defense of habitation, and convicted Patrick of murder.

¶ 3 Scott's death was the culmination of a dispute over paintings that Kay had previously given to Scott and his wife, Cindy. Scott and Cindy had separated, and Kay had gone to Cindy's residence and retrieved the paintings. Kay then located Scott at a local bar and told him what she had done. Scott told Kay to return the paintings within the hour or he would hurt her and Patrick. Kay returned home, told Patrick about the dispute and Scott's threat, and reported the threat with a call to 911.

¶ 4 Shortly thereafter, an unarmed Scott arrived at the Patrick and Kay's home, entered through the front door, and was involved in a verbal altercation with Kay. Kay told Scott to get out of the house, and a shoving match ensued. The exact details of the ensuing physical altercation between Scott, Kay, and Patrick are disputed, but it is undisputed that Patrick ultimately fired one shot from a handgun that struck Scott in the chest. Patrick then called 911 to report the shooting. Police arrived on the scene while Scott was still alive. Scott died a short time later.

¶ 5 Patrick was charged with murder and bound over for trial. Both sides filed pretrial motions regarding character evidence, with the State seeking to admit prior acts by Patrick and Patrick seeking to admit prior acts by Scott. In a written ruling issued on May 26, 2005, the district court allowed the State to present evidence of Patrick's prior acts involving Kay, Scott, and Cindy, ruling that "the issue is not whether these facts are to show a propensity to commit the offense, but relate to [Patrick's] self defense issue,

---

1. The statutes cited in this opinion have not been amended in any relevant way since the commission of Patrick's crime, and we cite to the most current version of those statutes.

which by its nature raises the issue of peacefulness and reasonableness of [his] conduct." The district court denied Patrick's request to admit evidence of Scott's two prior felony sex offenses but allowed Patrick to present evidence of Scott's prior acts to the extent those acts might relate to Patrick's state of mind at the time of the shooting.

¶ 6 At the close of the State's case-in-chief, which relied primarily on Kay's testimony about the shooting, Patrick moved for a directed verdict on his claim of self-defense. Patrick's motion asserted that the State had failed in its burden to prove beyond a reasonable doubt that Patrick had not acted in self-defense. The district court denied Patrick's motion.

¶ 7 At the close of all of the evidence, Patrick again made a motion for a directed verdict asserting a failure by the State to disprove self-defense. Patrick's motion also asserted that the undisputed facts of the case gave rise to a presumption of the reasonableness of his actions under the defense of habitation statute and that the State had failed to rebut that presumption. The district court again denied Patrick's motion, stating that "it would be improper for the court to take this out of the jury's hands because there is some evidence [of guilt]" and that the amount of evidence required to defeat a directed verdict motion "is very minimal."

¶ 8 Both sides proceeded to make their closing arguments, each of which addressed the factors that, if established, would give rise to a presumption of the reasonableness of Patrick's actions under the defense of habitation statute. In addressing whether Scott's entry into Patrick's home was unlawful—one of the presumption factors—the State asserted that Scott's entry could not be deemed unlawful if his initial entry was permissive even if Scott subsequently ignored Kay and Patrick's demands that he leave. As characterized by the State, "[a]n unlawful entry is unlawful at the time he crosses the threshold." At this point in the State's closing, Patrick objected, stating as the grounds for his objection merely that the State had made a "misstatement of the law." Patrick did not offer any argument as to what the misstatement of law might be, nor did he raise any objection that the State was misrepresenting the facts in evidence. The district court overruled the objection, noting that the jury had been instructed on the law pertaining to the issue.

¶ 9 The jury convicted Patrick of murder. Patrick filed a motion for new trial on the grounds of improper closing argument, newly discovered evidence, and surprise and faulty evidence submitted by the State. While this motion was pending, Patrick filed a notice of appeal from his conviction. The district court eventually denied Patrick's new trial motion, at which time Patrick's notice of appeal was deemed timely filed. *See generally* Utah R.App. P. 4(b).

ISSUES AND STANDARDS OF REVIEW

¶ 10 On appeal, Patrick first argues that he was entitled to a directed verdict under Utah's defense of habitation statute, *see* Utah Code Ann. § 76–2–405 (2008), and that the district court erred in denying his motions for a directed verdict. Patrick also argues that under the defense of habitation statute, his conviction is not supported by the evidence. In criminal cases, our review of a district court's ruling on a motion for a directed verdict and of the sufficiency of the evidence to support a jury verdict involves "basically the same analysis." *See State v. Hirschi,* 2007 UT App 255, ¶¶ 15–16, 167 P.3d 503. As to both issues, we review the evidence and all inferences that may reasonably be drawn from it to ensure that there was some basis upon which a reasonable jury could reach a verdict of guilt beyond a reasonable doubt. *See id.* ¶¶ 15–16 & n. 7.

¶ 11 Patrick next argues that the district court erred in making evidentiary rulings pertaining to prior acts committed by Patrick and Scott. "We review a trial court's decision to admit evidence of other crimes, wrongs, or bad acts for an abuse of discretion." *State v. Northcutt,* 2008 UT App 357, ¶ 4, 195 P.3d 499 (internal quotation marks omitted); *see also State v. Decorso,* 1999 UT 57, ¶ 18, 993 P.2d 837. However, we do not address arguments that are not preserved below. *See State v. Robison,* 2006 UT 65,

¶ 22, 147 P.3d 448 (addressing unbriefed arguments); *State v. Diaz–Arevalo*, 2008 UT App 219, ¶ 10, 189 P.3d 85 (addressing preservation), *cert. denied*, 199 P.3d 970 (Utah 2008).

¶ 12 Finally,[2] Patrick argues that he is entitled to a new trial because of prosecutorial misconduct committed during the State's closing argument. We review inadequately preserved claims of prosecutorial misconduct only for plain error. *See Salt Lake City v. Christensen*, 2007 UT App 254, ¶ 17, 167 P.3d 496.

## ANALYSIS

### I. Utah's Defense of Habitation Statute

■ ¶ 13 Patrick's first set of arguments on appeal involves Utah's defense of habitation statute, Utah Code section 76–2–405. *See* Utah Code Ann. § 76–2–405. Section 76–2–405 governs the use of force to defend a dwelling against unlawful entry or attack. *See id.* § 76–2–405(1). Section 76–2–405 further establishes, under certain circumstances, a presumption that a person who uses force to defend a dwelling has "acted reasonably and had a reasonable fear of imminent peril of death or serious bodily injury." *See id.* § 76–2–405(2).[3] Patrick raises several arguments on appeal in an attempt to establish that, as a matter of law, his shooting of Scott was justified as a defense of habitation.

¶ 14 Each of Patrick's arguments invoking section 76–2–405 presumes that the evidence presented to the jury gave rise to the presumption of reasonableness enunciated in section 76–2–405(2) and that there was insufficient evidence to rebut the presumption. Patrick argues that the unrebutted presumption of reasonableness establishes his inno-

cence of Scott's murder as a lawful defense of habitation. Thus, argues Patrick, the district court erred in denying his motions for directed verdict made at the close of the State's case-in-chief and at the close of all evidence. Patrick also argues that the lack of evidence rebutting the presumption renders the jury verdict against him unsupported by the evidence.

¶ 15 We decline to review the district court's denial of Patrick's first motion for directed verdict, made at the close of the State's case-in-chief, because any error now asserted by Patrick was not preserved in the district court. Patrick's arguments on appeal rely solely on the presumption created by the defense of habitation statute, *see id.*, while his first motion for directed verdict in the district court asserted only that the State had not met its burden on Patrick's separate claim of self-defense, *see id.* § 76–2–402. "In order to preserve an issue for appeal, a defendant must raise the issue before the district court in such a way that the court is placed on notice of potential error and then has the opportunity to correct or avoid the error." *State v. Diaz–Arevalo*, 2008 UT App 219, ¶ 10, 189 P.3d 85, *cert. denied*, 199 P.3d 970 (Utah 2008).

¶ 16 Patrick's first motion for directed verdict did not invoke the defense of habitation statute at all, much less assert his present argument that the statute's presumption of reasonableness had been established and not rebutted by the State's evidence. Nor does Patrick argue on appeal that the district court committed plain error when it failed to apply the defense of habitation presumption at the close of the State's case-in-chief. *See generally State v. Person*, 2006 UT App 288, ¶ 10, 140 P.3d 584 (discussing the require-

---

2. Patrick additionally raises arguments attacking the district court's denial of his motion for new trial. However, we lack jurisdiction to consider these arguments because Patrick filed his notice of appeal prior to the district court's order denying the new trial motion and Patrick then failed to file a new or amended notice of appeal "within the prescribed time measured from the entry of the order." *See* Utah R.App. P. 4(b)(2). Accordingly, Patrick's notice of appeal "is effective to appeal only from the underlying judgment." *See id.*

3. Section 76–2–405(2) states, in its entirety,

The person using force or deadly force in defense of habitation is presumed for the purpose of both civil and criminal cases to have acted reasonably and had a reasonable fear of imminent peril of death or serious bodily injury if the entry or attempted entry is unlawful and is made or attempted by use of force, or in a violent and tumultuous manner, or surreptitiously or by stealth, or for the purpose of committing a felony.

Utah Code Ann. § 76–2–405(2) (2008).

ment of raising the plain error doctrine to obtain review of unpreserved issues). For these reasons, we decline to address Patrick's arguments challenging the district court's denial of his first motion for directed verdict.

¶ 17 We address Patrick's two remaining defense of habitation arguments—that the district court erred in denying his second motion for directed verdict and that the evidence is insufficient to support the jury's verdict—together, as they involve "basically the same analysis." *See State v. Hirschi*, 2007 UT App 255, ¶¶ 15–16, 167 P.3d 503.[4] As to both claims, we review the evidence, and all inferences that may reasonably be drawn from it, to ensure that it provides a proper basis for conviction and is not so " 'inconclusive . . . that reasonable minds must have entertained a reasonable doubt' " as to Patrick's guilt. *Id.* ¶ 23 (omission in original) (quoting *State v. Hamilton*, 827 P.2d 232, 236 (Utah 1992)).

¶ 18 Patrick's arguments underestimate the jury's broad prerogative to evaluate the reasonableness of a defendant's actions for purposes of applying a justification defense. The breadth of the jury's role in evaluating justification defenses is illustrated in *State v. Law*, 106 Utah 196, 147 P.2d 324 (1944). In *Law*, the defendant was convicted of voluntary manslaughter after fatally stabbing an unarmed man in a fight. *See id.* at 325–26. The defendant, who presented no evidence at trial, challenged the district court's denial of his request for a directed verdict at the close of the State's case-in-chief. *See id.* at 325. On appeal, the defendant argued that "in view of the disparity in the size and strength

of the two men[ [5]] and the situation that [the defendant] found himself with deceased on top of him choking and striking him, . . . the use of the knife in the manner it was used was legally justifiable or excusable," *id.* at 326, and that the matter should not have been submitted to the jury, *see id.* The supreme court disagreed, stating that "[u]nless the evidence is so conclusive that every reasonable mind must say that the means and the force used were necessary to defend against aggression the question of whether the killing was in self-defense is a question for the jury to determine." *Id.* at 327; *see also State v. Pascual*, 804 P.2d 553, 556 (Utah Ct.App.1991) (" 'The matter of self defense in determining whether homicide was justifiable [is] a question for the jury.' " (alteration in original) (quoting *Law*, 147 P.2d at 327)).

¶ 19 Turning to the presumption factors as they apply in Patrick's case, one reasonable interpretation of the evidence is that Scott entered the home lawfully in light of his familial relationship to Kay and Patrick and the longstanding practices of the parties. Such an interpretation, if adopted by the jury, would preclude a finding of the statutory presumption of reasonableness. *See* Utah Code Ann. § 76–2–405(2) (allowing presumption to arise only "if the entry or attempted entry is unlawful"). Alternatively, even if the presumption had been created, the jury could have examined the totality of the factual circumstances surrounding the shooting and reasonably determined that the State had successfully rebutted the presumed reasonableness of Patrick's actions. Either or both of these reasonable interpretations of the evidence, if adopted by the jury,[6] would

---

4. As explained in *State v. Hirschi*, 2007 UT App 255, 167 P.3d 503, review of a district court's ruling on a motion to dismiss necessarily includes the analysis employed to review a jury verdict for sufficiency of the evidence:

    For a trial court to determine whether " 'some evidence exists from which a reasonable jury could find that the elements of the crime had been proven beyond a reasonable doubt,' " that court necessarily needs to determine if " 'the evidence [presented] is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted.' "

    *Id.* ¶ 16 n. 7 (alteration in original) (citation omitted).

5. In *Law*, the testimony was that the victim "was a well muscled man, weighing at least 220 pounds, 'six feet easy' and a powerful strapping man. [The witness] 'would judge Law to weigh 125 pounds and about five feet six' in height." *State v. Law*, 106 Utah 196, 147 P.2d 324, 326 (1944). Similarly, in this case, Patrick argues that Scott was much larger and stronger than either Patrick or Kay.

6. We note that Patrick did not request a special verdict form that might have revealed greater detail about the jury's decision.

provide a basis for its determination of Patrick's guilt beyond a reasonable doubt.

¶ 20 Patrick makes essentially the same argument under the defense of habitation statute as did the defendant in *Law* under the self-defense statute: that the evidence is so one-sided that it should not have been submitted to the jury. We disagree. As in *Law*, the evidence of Patrick's actions is susceptible to more than one reasonable interpretation and presents a question of fact for the jury. *Cf. Law*, 147 P.2d at 327–28. Patrick requested jury instructions on the defense of habitation statute and its presumption, and the jury was so instructed. But based on the evidence presented, a reasonable jury could have found that Patrick's killing of Scott was not justified as a defense of habitation. Accordingly, Patrick was not entitled to a directed verdict, nor will we disturb the jury verdict for insufficiency of the evidence. *See Hirschi*, 2007 UT App 255, ¶¶ 15–16 & n. 7, 167 P.3d 503.

## II. Character Evidence

■ ¶ 21 Patrick next challenges the district court's May 26, 2005 ruling on character evidence issues, arguing that the district court improperly allowed evidence of Patrick's prior acts to be introduced against him.[7] Patrick's arguments below and on appeal focus exclusively rule 404(b) of the Utah Rules of Evidence. *See* Utah R. Evid. 404(b) (governing admission of evidence of "other crimes, wrongs or acts"). However, upon examination of the district court's ruling, it is apparent that the district court admitted the challenged evidence not under rule 404(b),

but rather, under rule 404(a). *See id.* R. 404(a) (governing admission of character evidence generally and when a character trait has been placed in issue).

¶ 22 The character evidence issue came before the district court on competing motions in limine, with the State seeking to admit the evidence under rule 404 and Patrick seeking to exclude it. At the motion hearing, Patrick argued that the evidence was inadmissible under rule 404(b), and the State countered that it should be admitted under rule 404(a). The district court adopted the State's position, indicating in its ruling that it was admitting the evidence to demonstrate character traits that were inherently raised in Patrick's self-defense claims rather than to show Patrick's action in conformity with his prior acts. The court stated, "[T]he issue is not whether these facts are to show a propensity to commit the offense, but relate to [Patrick's] self defense issue, which by its nature raises the issue of peacefulness and reasonableness of [his] conduct . . . ."[8]

¶ 23 Patrick's argument, below and on appeal, that the evidence is inadmissible when analyzed solely under rule 404(b) does not address the district court's ruling admitting the evidence under rule 404(a). In order to demonstrate error by the district court, Patrick would have to demonstrate *either* that the evidence was not admissible under 404(a) *or* that rule 404(b) trumps 404(a) such that evidence inadmissible under rule 404(b) may not be admitted even if it might otherwise be admissible under rule 404(a).[9] These arguments were neither raised below nor are

7. This section of Patrick's appellate brief also summarily asserts that the district court erred in excluding evidence of two prior sex offense convictions against Scott and in allowing trial testimony that Patrick had previously displayed a gun during an argument. We agree with the State that neither of these arguments is adequately briefed, and we decline to address them. *See, e.g., State v. Gomez*, 2002 UT 120, ¶ 20, 63 P.3d 72 (rejecting inadequately briefed arguments).

8. We do not necessarily agree with the district court's conclusion in this regard, *see generally State v. Leber*, 2007 UT App 273, ¶ 12, 167 P.3d 1091 ("[W]e note that a self-defense claim generally does not put character at issue."), *cert. granted*, 186 P.3d 957 (Utah 2008), but Patrick does

not challenge the district court's conclusion on appeal.

9. *State v. Leber*, 2007 UT App 273, 167 P.3d 1091, *cert. granted*, 186 P.3d 957 (Utah 2008), examined the interplay between rules 404(a) and 404(b) and concluded that bad acts evidence may be admitted under rule 404(a) when character is in issue without regard to the rule 404(b) analysis that would be required if character was not in issue. *See id.* ¶¶ 6–15. We note that *Leber* was issued well after the district court's decision in this case and is currently under review by the Utah Supreme Court upon writ of certiorari, and we do not rely on its substantive reasoning in reaching our decision today.

they argued on appeal, and thus, we do not consider them. *See State v. Robison,* 2006 UT 65, ¶ 22, 147 P.3d 448 ("Other than for jurisdictional reasons [the court of appeals] should not normally search the record for unargued and unbriefed reasons to reverse a [district] court judgment." (alterations in original) (internal quotation marks omitted)); *State v. Diaz–Arevalo,* 2008 UT App 219, ¶ 10, 189 P.3d 85 (stating requirement that issues must be preserved for appeal by presentation to the district court), *cert. denied,* 199 P.3d 970 (Utah 2008).

¶ 24 The district court admitted the challenged evidence under rule 404(a), and Patrick has neither preserved nor argued any error in the district court's application of that rule. Accordingly, we will not disturb the district court's ruling.

### III. Prosecutorial Misconduct

¶ 25 Finally, Patrick argues that the State misstated the law and the facts in its closing argument. Generally, parties have wide latitude in closing arguments to characterize the evidence and the proper application of the law to the evidence. *See, e.g., State v. Hopkins,* 782 P.2d 475, 478 (Utah 1989) ("Counsel is afforded considerable latitude in closing argument to the jury and may fully recount the evidence adduced and the reasonable inferences to be drawn therefrom."). And, as with most other trial issues, a party must preserve arguments about the propriety of closing arguments by objecting to the offending statements at the time they are made. *See State v. Nelson–Waggoner,* 2004 UT 29, ¶ 30, 94 P.3d 186 ("[W]e generally will not examine the State's closing argument if the defendant failed to timely object to it ....."). Here, Patrick did not preserve his arguments for appeal by raising a timely and adequate objection.

¶ 26 During closing arguments, the State addressed Scott's entry into the Patrick residence and argued that it was not unlawful. Patrick now complains that the State misrep- resented the facts by asserting that "[t]here is nothing in any of the evidence but [Patrick's] statements that this entry was unlawful." Patrick also argues that the State misstated the law when it argued that Scott's permissive entry into the Patrick home could not have become unlawful upon Scott's refusal to leave as directed but, instead, could be deemed unlawful only if it was "unlawful at the time he crosse[d] the threshold [of the Patrick home]." Patrick's only objection at the time was that the State's argument was "a misstatement of the law." The district court overruled Patrick's objection, noting that it had instructed the jury on the law and that the jury could review that instruction.[10]

¶ 27 Clearly, Patrick's "misstatement of the law" objection did not raise or preserve the argument that the State had misrepresented the facts adduced at trial. We also conclude that Patrick's general objection that the State had misstated the law is insufficient to preserve his argument pertaining to the proper interpretation of the unlawful entry provisions of the defense of habitation statute. *See Diaz–Arevalo,* 2008 UT App 219, ¶ 10, 189 P.3d 85 ("In order to preserve an issue for appeal, a defendant must raise the issue before the district court in such a way that the court is placed on notice of potential error and then has the opportunity to correct or avoid the error."), *cert. denied,* 199 P.3d 970 (Utah 2008). Patrick's general objection did not give the district court notice of how the State's argument might have misstated the law and, thus, did not give the district court the opportunity to rule on that issue.

¶ 28 Patrick's objection during the State's closing argument was insufficient to preserve either of the issues he now attempts to argue. Accordingly, we decline to address Patrick's arguments because they are unpreserved.[11] *See id.*

### CONCLUSION

¶ 29 The district court appropriately denied Patrick's motions for a directed verdict,

10. We note that Patrick is not challenging the jury instructions on appeal.

11. Patrick does not argue that we should reach his arguments under either the plain error or exceptional circumstances doctrines, and we do not do so. *See generally State v. Person,* 2006 UT App 288, ¶ 10, 140 P.3d 584 (discussing the requirement of raising the plain error doctrine to obtain review of unpreserved issues).

and the jury had sufficient evidence upon which to find Patrick guilty beyond a reasonable doubt. Patrick has failed to demonstrate any error in the district court's May 26, 2005 evidentiary ruling. Patrick has also failed to preserve for appeal any argument pertaining to alleged misstatements of law or fact made by the State in its closing arguments. Accordingly, we affirm Patrick's conviction.

¶ 30 WE CONCUR: RUSSELL W. BENCH, and CAROLYN B. McHUGH, Judges.