IN THE UTAH COURT OF APPEALS

----ooOoo----

State of Utah,                          )          MEMORANDUM DECISION
                                        )
        Plaintiff and Appellee,         )          Case No. 20080158-CA
                                        )
v.                                      )             F I L E D
                                        )          (March 29, 2012)
Joe David Bosquez,                      )
                                        )          ┌─────────────────┐
        Defendant and Appellant.        )          │  2012 UT App 89 │
                                                   └─────────────────┘

-----

Eighth District, Roosevelt Department, 061000417
The Honorable John R. Anderson

Attorneys:     Brett M. Kraus, Logan, for Appellant
               Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee

-----

Before Judges McHugh, Orme, and Roth.

ORME, Judge:

¶1      Defendant was found passed out in his vehicle, which was parked directly in
front of a video store. A store employee had called dispatch to report seeing Defendant
pull up to the store, park, and slump over in his seat. When an officer arrived and
approached the vehicle, he encountered Defendant, who was intoxicated. The officer

also noticed that Defendant's keys were in the ignition. The parties later stipulated to Defendant's intoxicated state—an easy decision for counsel, no doubt, given Defendant's blood alcohol content of .269.

¶2     Defendant was subsequently charged with driving under the influence of alcohol, a third degree felony, *see* Utah Code Ann. § 41-6a-502 (2010), and driving while on alcohol restrictions, a class B misdemeanor, *see* Utah Code Ann. § 41-6a-530 (2010).[1] At trial, each side called one witness. The State called the arresting officer; defense counsel called Defendant.[2] Defendant testified that he had not driven the vehicle that night, but instead had a coworker drive him to the store. Defendant asserted that once they arrived at the store, the coworker left on foot while Defendant stepped inside a nearby convenience store to use the facilities. Defendant said that he then climbed into the car and onto the driver's seat to sleep. Defendant explained that he was living in his car and never intended to go anywhere else that night. At another point in his testimony, however, Defendant said his plan was to rent a video and head home to "kick back at the house, to relax, watch some videos, eat dinner."[3]

¶3     At the close of trial, Defendant moved for a directed verdict, arguing that there was insufficient evidence to establish that he was in physical control of the vehicle at the time of his arrest. The court denied the motion, and the jury found Defendant guilty.

¶4     On appeal, Defendant argues that because the State's case was based largely on the video store employee's hearsay statements, as recounted by the arresting officer, and because of a jury instruction that Defendant contends was unfair, Defendant

---

[1]While Defendant was charged under prior versions of these statutes, there is no relevant difference between those versions and the current versions. Accordingly, we cite the current versions as a convenience to the reader.

[2]The State also subpoenaed the store employee, but he did not appear at trial.

[3]Nothing in the record suggests that Defendant's car was equipped with a video player or culinary provisions.

received ineffective assistance of counsel.[4] We decline to address this issue, beyond the observations offered in footnote 4, because it is inadequately briefed by Defendant.

¶5    An appellant's brief must "contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." Utah R. App. P. 24(a)(9). We will decline to review an issue "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). This is because this court "is not simply a depository in which the appealing party may dump the burden of argument and research." *State v. Bishop*, 753 P.2d 439, 450 (Utah 1988) (citation and internal quotation marks omitted), *overruled on other grounds by State v. Menzies*, 889 P.2d 393 (Utah 1994). Thus, "we may refuse, sua sponte, to consider inadequately briefed issues." *State v. Lee*, 2006 UT 5, ¶ 22, 128 P.3d 1179 (citing Utah R. App. P. 24(j)).

---

[4]We doubt that the failure of trial counsel to object to the officer's testimony recounting what the store employee said is "so deficient as to fall below an objective standard of reasonableness" on the part of counsel. *See State v. Millard*, 2010 UT App 355, ¶ 14, 246 P.3d 151 (citation and internal quotation marks omitted). Counsel may well have made the tactical decision not to object to the officer's statements as hearsay because counsel believed that Defendant would fare better with the officer's generalized account of what the employee said rather than with the jury hearing the employee's more detailed, first-hand account. *See generally State v. Tennyson*, 850 P.2d 461, 468 (Utah Ct. App. 1993) ("[W]e need only articulate some plausible strategic explanation for counsel's behavior" to dispose of an argument that counsel's performance was objectively deficient.). To be sure, the employee had not appeared for trial, but counsel may well have concluded that if the State obtained a brief continuance, the employee's attendance might be secured. Counsel may also have reasonably concluded that the statements were not inadmissible on hearsay grounds. *See generally State v. Pedersen*, 2010 UT App 38, ¶ 24, 227 P.3d 1264 (rejecting an ineffective assistance claim on the ground that counsel failed to object to testimony, holding that the statements were admissible as nonhearsay to explain why an initial report was made to the police), *cert. denied*, 238 P.3d 443 (Utah 2010).

¶6    Here, Defendant does no more than recite the standard for determining whether counsel was ineffective and assert that his counsel was ineffective for failing to make certain objections. Defendant fails to discuss any legal authority supporting his position or otherwise engage in meaningful analysis regarding the actions of counsel that he contends were problematic and the prejudice that resulted from them. Because Defendant has failed to meet the briefing requirements, we decline to give this issue plenary consideration.

¶7    Second, Defendant argues that the trial court erred in denying his motion for a directed verdict. Defendant contends that he was not in actual physical control of the vehicle for purposes of the driving under the influence statute because the vehicle served as his dwelling at the time. *See* Utah Code Ann. § 41-6a-502(1) (2010) ("[A] person may not operate or be in actual physical control of a vehicle" while intoxicated.). Defendant argues that the trial court failed to take this into account when it denied Defendant's motion. The State responds that Defendant failed to preserve this issue below. Defendant contends that because defense counsel mentioned the vehicle-as-residence argument in her opening statement, established in trial that Defendant lived in his car, and moved for a directed verdict, this argument was preserved. However, in order to preserve the issue, defense counsel must have done more than simply make a motion.

¶8    "In order to preserve an issue for appeal, a defendant must raise the issue before the district court *in such a way that the court is placed on notice* of potential error and then has the opportunity to correct or avoid the error." *State v. Diaz-Arevalo*, 2008 UT App 219, ¶ 10, 189 P.3d 85 (emphasis added), *cert. denied*, 199 P.3d 970 (Utah 2008). Further, where a motion for a directed verdict makes general assertions but fails to assert the specific argument raised on appeal, the directed verdict motion itself is insufficient to preserve the more specific argument for appeal. *See State v. Patrick*, 2009 UT App 226, ¶¶ 15-16, 217 P.3d 1150 (holding that an issue was not preserved because the defendant's general motion in the court below was only tangentially related to, and did not mirror, his specific argument on appeal), *cert. denied*, 225 P.3d 880 (Utah 2010).

¶9    Defense counsel failed to raise the issue "in such a way that the court [was] placed on notice" of the argument now brought before us on appeal. *Diaz-Arevalo*, 2008 UT App 219, ¶ 10. When defense counsel moved for a directed verdict, the entirety of her verbal motion was that "the State ha[d] failed to m[eet] its burden on the element of

actual physical control of a vehicle." When the court asked whether defense counsel wanted to further expound upon that argument, defense counsel declined. The court then agreed with the State that whether Defendant was in physical control of the vehicle was a matter for the jury to decide, noting "that the primary issue seem[ed] to be . . . where were the keys?" At this point, again, defense counsel made no effort to assert that the fact that Defendant lived in his vehicle was dispositive or even that it should be factored into the analysis.

¶10    Broadly challenging one of the elements of the charge is insufficient to preserve for appeal any and every argument that could possibly relate to that element. Defense counsel's passing mention that she did not believe the State provided sufficient evidence to establish physical control of the vehicle was not sufficient to put the court on notice of the argument that a person who *lives* in his vehicle should not be held to the same standards under the statute as a person who does not. The court, therefore, had no meaningful opportunity to correct or avoid any error in this regard.

¶11    Affirmed.


_____
Gregory K. Orme, Judge


-----


¶12    WE CONCUR:


_____
Carolyn B. McHugh,
Presiding Judge


_____
Stephen L. Roth, Judge


20080158-CA                          5