2015 UT App 87

## THE UTAH COURT OF APPEALS

SHAYNE TODD,
Petitioner and Appellant,

*v.*

DENNIS SORENSEN,
Respondent and Appellee.

Per Curiam Decision
No. 20140593-CA
Filed April 9, 2015

Sixth District Court, Manti Department
The Honorable Wallace A. Lee
No. 130600055

Shayne Todd, Appellant Pro Se

Sean D. Reyes and Amanda N. Montague, Attorneys
for Appellee

Before JUDGES STEPHEN L. ROTH, JOHN A. PEARCE, and
KATE A. TOOMEY.

PER CURIAM:

¶1     Shayne Todd appeals the district court's order granting Dennis Sorensen's motion for summary judgment and dismissing Todd's petition for extraordinary relief. When reviewing an appeal from a dismissal of a petition for extraordinary relief, "we accord no deference to the conclusions of law that underlie the dismissal. They are reviewed for correctness." *Neel v. Holden*, 886 P.2d 1097, 1100 (Utah 1994).

¶2     Todd, an inmate at the Central Utah Correctional Facility, argues that he was denied due process at a disciplinary hearing after he was charged with violating prison rules. Due process requires that a prisoner receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent

with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Additionally, "the minimum requirements of procedural due process" demand that "the findings of the prison disciplinary board are supported by some evidence in the record." *Id.*

¶3      Todd did not dispute in the district court that he received written notice of the disciplinary charges. Accordingly, to the extent Todd raises such an issue on appeal, we do not address it. *See State v. Diaz-Arevalo*, 2008 UT App 219, ¶ 10, 189 P.3d 85 (stating that in order to preserve an issue for appeal, it must originally be raised in the district court in such a manner that allows the district court an opportunity to avoid or correct the alleged error). Todd does, however, argue that he was not allowed to call witnesses at the hearing. Specifically, he asserts that the prison guard and the nurse, who alleged that he intentionally dropped one of his medications in order to save it for later use were not at the hearing. Instead, their versions of the facts were submitted in written statements. Accordingly, he argues that he was denied due process because he was unable to cross-examine the witnesses. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In this vein, courts have concluded that the due process requirement that prisoners be allowed to call witnesses and present documentary evidence "does not require the confrontation and cross-examination of witnesses in prison disciplinary proceedings." *Taylor v. Wallace*, 931 F.2d 698, 701 (10th Cir. 1991). Based on the facts of this case, Todd cannot demonstrate that he was denied due process based on the prison guard's and the nurse's absence at the disciplinary hearing.

¶4     Todd next asserts that he did not receive a written statement by the hearing officer of the evidence the hearing officer relied on and the reasons for the disciplinary action. This is not the case. Todd was provided a written statement indicating that the finding of guilt was based on the reports of the eyewitnesses. Thus, Todd was apprised of the reasons for the hearing officer's decision.

¶5     Finally, Todd argues that the findings of the hearing officer are not supported by "some evidence." *See Walpole*, 472 U.S. at 454. Because the hearing officer properly admitted the statements of the prison guard and the nurse which detailed the conduct that led to the disciplinary charge, there was some evidence to support the hearing officer's decision.

¶6     Affirmed.

―――――――――