2004 UT 63

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Wallace Wayne DEAN, Defendant and Respondent.**

No. 20020952.

Supreme Court of Utah.

July 27, 2004.

Mark L. Shurtleff, Att'y Gen., Jeanne B. Inouye, Asst. Att'y Gen., Salt Lake City, David E. Doxey, Cedar City, for petitioner.

J. Bryan Jackson, Cedar City, for respondent.

## AMENDED OPINION

On Certiorari to the Utah Court of Appeals

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 Wallace Wayne Dean pled guilty to two counts of child abuse and one count of assault. Dean later sought to withdraw his plea, claiming the trial judge had not strictly complied with Utah Rule of Criminal Procedure 11(e). The trial court denied Dean's motion. Dean appealed and the court of appeals reversed. The case is now before us on a writ of certiorari. We reverse.

## BACKGROUND

¶ 2 On March 8, 2000, Dean pled guilty to two counts of child abuse and one count of assault.[1] These charges stemmed from incidents of abuse and assault involving Dean's two children and his now deceased wife. In exchange for Dean's guilty plea, other pending charges were dismissed.

¶ 3 In connection with his plea, Dean executed a plea statement detailing the constitutional rights he was waiving. The plea statement declared, in relevant part, as follows:

I, Wallace Wayne Dean ... under oath, hereby acknowledge that I have entered a plea of "guilty" to the offense(s) of Child Abuse (Count I), ... Child Abuse (Count III), ... and Assault (Count V).... I further understand the charge[s] to which this plea of "guilty" is entered ... and that I am entering such a plea voluntarily and of my own free will, after conferring with my Attorney ... and with a knowledge and understanding of the following facts:

I know that I have constitutional rights under the Constitutions of Utah and the United States to plead not guilty and to have a jury trial upon the charge[s] to which I have entered a plea of guilty, or to a trial by the Court should I elect to waive a trial by jury. I know I have a right to be represented by counsel and that I am in fact represented by ... my attorney.

I know that if I wish to have a trial in Court upon the charge[s], I have a right to confront the witnesses against me.... I also know that I have the right to have witnesses subpoenaed by the State at its expense to testify in Court on my behalf and that I could, if I elected to do so, testify in Court on my own behalf, and that if I choose not to do so, the jury can and will be told that this may not be held against me if I choose to have the jury so instructed.

I know that if I were to have a trial that the State must prove each and every element of the crime[s] charged to the satisfaction of the Court or jury beyond a reasonable doubt; ... and that any verdict by a jury ... must be by a unanimous agreement of all jurors.

I know that ... I have a right against self-incrimination.

I know that if I wish to contest the charge[s] against me, I need only plead "not guilty" and the matter will be set for trial.... I know and understand that by entering a plea of "guilty," I am waiving my constitutional rights ... and that I am, in fact, fully incriminating myself by admitting I am guilty of the crime[s] to which my plea of "guilty" is entered.

¶ 4 Dean signed the plea statement and initialed each paragraph. The following oral exchange took place between Dean and the court at the time he signed the statement:

The Court: All right. So are these your initials by each of the 16 paragraphs?

Mr. Dean: Yes, sir.

The Court: Did you place them there after you first read each and all paragraphs?

Mr. Dean: Yes, sir.

The Court: Are you in agreement with what your attorney just said regarding what's written here, handwriting?

Mr. Dean: Yes, sir.

The Court: Okay. What is your plea to Count I child abuse, sex abuse?

Mr. Dean: Guilty plea.

The Court: Count III, child abuse, a Class A second-degree misdemeanor?

---

1. See *State v. Dean*, 2002 UT App 323, 57 P.3d 1106, for a more detailed description of the facts.

Mr. Dean: Guilty plea.

The Court: Count V, assault, a Class B misdemeanor?

Mr. Dean: Guilty.

¶ 5 Approximately one month later, on April 10, 2000, Dean filed a motion to withdraw his guilty plea, stating that the plea was not taken pursuant to rule 11 of the Utah Rules of Criminal Procedure. Dean did not specify the basis for the violation. Instead, he merely alleged that there were "two significant departures" from due process and equal protection, without further explanation.

¶ 6 The next day, the court denied Dean's motion to withdraw and imposed sentence, concluding that Dean had failed to show good cause for withdrawal of his guilty plea. Dean appealed and argued for the first time before the court of appeals that the trial court committed plain error by not advising him of his right to a *"speedy* public trial before an *impartial* jury." (Emphasis added.) The court of appeals reversed the trial court's denial of Dean's motion to withdraw and vacated his conviction, concluding that failure to include the words "speedy" and "impartial" as part of the plea colloquy constituted plain error.

### STANDARD OF REVIEW

¶ 7 On certiorari, we review the court of appeals' decision for correctness. *Bear River Mut. Ins. Co. v. Wall,* 1999 UT 33, ¶ 4, 978 P.2d 460. The correctness of the court of appeals' decision turns on whether that court correctly reviewed the trial court's decision under the appropriate standard of review. *Newspaper Agency Corp. v. Auditing Div.,* 938 P.2d 266, 267 (Utah 1997). Whether the trial court strictly complied with rule 11 is a question of law, reviewed for correctness. *State v. Benvenuto,* 1999 UT 60, ¶ 10, 983 P.2d 556.

### ANALYSIS

#### I. RULE 11

¶ 8 Dean argues that he is entitled to withdraw his guilty plea because the trial court failed to strictly comply with rule 11 of the Utah Rules of Criminal Procedure. The State counters that Dean's motion to withdraw was properly denied by the trial court. Moreover, the State argues that appellate review of a trial court's denial of a defendant's motion to withdraw is limited to the denial of the motion itself. Therefore, the State asserts that we must limit our review to the denial of Dean's motion to withdraw and should not consider the record of the plea proceedings, the plea colloquy, or the plea statement.

¶ 9 Utah Rule of Criminal Procedure 11(e) states, in relevant part, that a court may not accept a guilty plea until the court has found that "the defendant knows of ... the right to a speedy public trial before an impartial jury." Utah R.Crim. P. 11(e). The purpose of rule 11 is to ensure that defendants know their rights and understand the basic consequences of their decision to plead guilty. *State v. Visser,* 2000 UT 88, ¶ 11, 22 P.3d 1242. However, we have also declared that this purpose "should not be overshadowed or undermined by formalistic ritual." *Id.* Moreover, while in *State v. Thurman,* 911 P.2d 371, 372 (Utah 1996), we described the trial court's duty in this regard as a duty of "strict compliance," we have also declared that strict compliance " 'does not mandate a particular script or rote recitation of the rights listed.' " *State v. Martinez,* 2001 UT 12, ¶ 22, 26 P.3d 203 (quoting *Visser,* 2000 UT 88 at ¶ 11, 22 P.3d 1242).

¶ 10 Plea affidavits or plea statements are properly used and incorporated into the record when the trial court determines that the defendant has read the affidavit or statement, understands its contents, and acknowledges those contents. *State v. Maguire,* 830 P.2d 216, 217 (Utah 1991) (per curiam). Proper incorporation of plea affidavits can save the court time, eliminate some of the monotony of rote recitation, and allow a more focused inquiry into the facts of the offense and whether the plea is knowingly and voluntarily entered. *Maguire,* 830 P.2d at 217–18; Utah R.Crim. P. 11 advisory committee note.

¶ 11 At the time defendant filed his motion to withdraw, a guilty plea could only be withdrawn upon good cause shown and

with leave of the court. Utah Code Ann. § 77–13–6(2)(a) (1999). Withdrawal "is a privilege, not a right, that is left to the trial court's sound discretion." *State v. Gallegos*, 738 P.2d 1040, 1041 (Utah 1987); *State v. Brocksmith*, 888 P.2d 703, 704 (Utah Ct.App. 1994). Therefore, appellate courts will not disturb a trial court's determination that a defendant has failed to show good cause unless it is clear that the trial court has abused its discretion. *State v. Gamblin*, 2000 UT 44, ¶ 9, 1 P.3d 1108.

¶ 12 When reviewing the trial court's denial of a defendant's motion to withdraw a guilty plea, the reviewing court may consider the record of the plea proceedings, including the plea colloquy and plea affidavit or statement. *Visser*, 2000 UT 88 at ¶¶ 4–5, 12, 22 P.3d 1242; *Maguire*, 830 P.2d at 217 (stating that compliance may be demonstrated on appeal by reference to the record of the plea proceedings). Thus, review of a trial court's denial of a motion to withdraw is not limited to the denial of the motion itself. The precedent in both the Utah and federal courts demonstrates that courts consistently consider the plea colloquy in reviewing the denial of a defendant's motion to withdraw a guilty plea. *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *Visser*, 2000 UT 88 at ¶ 4, 22 P.3d 1242. Moreover, appellate review of the trial court's denial of a defendant's motion to withdraw may also consider the facts and circumstances in which the plea was taken. *See Visser*, 2000 UT 88 at ¶ 13, 22 P.3d 1242 (stating the trial court's colloquy, "in light of the mid-trial context of the plea," provided an adequate basis to conclude that the trial court had complied with rule 11).

¶ 13 Finally, in general, appellate courts will not consider an issue, including constitutional arguments, raised for the first time on appeal unless the trial court committed plain error or the case involves exceptional circumstances. *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. A proper objection "puts the judge on notice of the asserted error and allows the opportunity for correction at that time in the course of the proceeding." *Broberg v. Hess*, 782 P.2d 198, 201 (Utah Ct.App.1989). Moreover, the issue must be "sufficiently raised to a 'level of consciousness' before the trial court and must be supported by evidence or relevant legal authority." *State v. Schultz*, 2002 UT App 366, ¶ 19, 58 P.3d 879 (internal quotations and citations omitted). Failure to raise and argue an issue and present pertinent evidence in that forum denies the trial court " 'the opportunity to make any findings of fact or conclusions of law' " concerning the claimed error. *State v. Brown*, 856 P.2d 358, 360 (quoting *LeBaron & Assoc. v. Rebel Enter.*, 823 P.2d 479, 483 n. 6 (Utah Ct.App. 1991)).

¶ 14 In this case, Dean's argument that the trial court failed to comply with rule 11 was not properly preserved below. Dean's motion to withdraw and the asserted grounds therefor failed to put the trial court on notice of the alleged error. Dean did not sufficiently bring the issue to the court's attention in his motion to withdraw, nor was it supported by evidence or relevant legal authority. Instead, Dean vaguely asserted that there were "two significant departures" from due process and equal protection. He did not indicate what those departures were, denying the trial court the opportunity to make findings of fact and conclusions of law. Therefore, we can only address this argument under a plain error analysis. In conducting this analysis, we will consider the record of the plea proceedings, the plea statement, and the plea colloquy.

## II. PLAIN ERROR

¶ 15 To demonstrate plain error, a defendant must establish that "(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *Holgate*, 2000 UT 74 at ¶ 13, 10 P.3d 346 (citing *State v. Dunn*, 850 P.2d 1201, 1208–09 (Utah 1993)). "If any one of these requirements is not met, plain error is not established." *Dunn*, 850 P.2d at 1209 (citations omitted).

### A. Obvious Error

¶ 16 We turn first to the element of obviousness. To establish that the error

should have been obvious to the trial court, Dean must show that the law governing the error was clear at the time the alleged error was made. *See State v. Eldredge,* 773 P.2d 29, 35–36 (Utah 1989) (rejecting a claim of plain error where a dispositive appellate case had not yet been decided); *see also State v. Ross,* 951 P.2d 236, 239 (Utah Ct.App.1997) (stating "error is not plain where there is no settled appellate law to guide the trial court").

¶ 17 In this context and on these facts, we find that any error committed by the trial court was not obvious at the time the court denied Dean's motion to withdraw. First, we disagree with the court of appeals' conclusion that the trial court's alleged error should have been obvious in light of the decisions in *State v. Tarnawiecki,* 2000 UT App 186, 5 P.3d 1222, and *State v. Hittle,* 2002 UT App 134, 47 P.3d 101. As the dissent in the court of appeals' decision pointed out, both of these cases were decided after Dean pled guilty and made his motion to withdraw. Dean entered his guilty plea on March 8, 2000, and sought its withdrawal on April 10, 2000; however, the *Tarnawiecki* and *Hittle* opinions were not issued until June 15, 2000, and April 25, 2002, respectively. Therefore, neither decision was available to guide the trial court at the time of Dean's plea or when it considered his motion to withdraw.

¶ 18 Second, the law in this area was not sufficiently clear or plainly settled. This was true with respect to both Utah and federal case law. In *Visser,* we held that the trial court strictly complied with rule 11 even though it did not specifically inform the defendant of his "right to a speedy public trial before an impartial jury." 2000 UT 88 at ¶ 13, 22 P.3d 1242. Taking into account the context of the plea, we held that because the trial court's colloquy provided an adequate basis to conclude that the rule 11 requirements had been fulfilled, the court's omission of the words "speedy" and "impartial" did not justify withdrawal of the defendant's plea. *Id.*

¶ 19 In addition, federal law in this area was not well-settled, and some federal courts have held that exclusion of a specific word in the plea colloquy does not always constitute error sufficient to justify withdrawal. *See United States v. Rubalcaba,* 811 F.2d 491, 493 (9th Cir.1987); *United States v. Burnett,* 671 F.2d 709, 711–12 (2d Cir.1982) (failure to inform the defendant of the right to confront and cross-examine witnesses against him was not proper justification for withdrawal of defendant's guilty plea).

¶ 20 The defendant in *Rubalcaba,* for example, was advised that by pleading guilty he was waiving his "right to *trial.*" *Id.* at 493 (emphasis added). However, rule 11 of the Federal Rules of Criminal Procedure requires that the court "inform the defendant of, and determine that the defendant understands ... the right to a *jury trial.*" Fed. R.Crim.P. 11(b)(1) (emphasis added). The defendant argued that because the trial court failed to include the word "jury" when describing his rule 11 rights, he should be permitted to withdraw his guilty plea. *Rubalcaba,* 811 F.2d at 493. The appellate court disagreed and found the trial court's statement that the defendant was waiving his right to "trial" rather than "jury trial" was not a fair and just reason to permit the defendant's withdrawal of his plea. *Id.* at 493.

¶ 21 As *Visser* and *Rubalcaba* demonstrate, the law in this area was not plainly settled so as to have adequately guided the trial court at the time Dean's plea was entered. It was not clear that the omission of particular words during plea colloquies constituted obvious error and justification for a defendant to withdraw his or her plea. We therefore hold that the trial court's statement that Dean had the right to a "trial by jury" rather than "a speedy public trial before an impartial jury" was not obvious error.

### B. Harmful Error

¶ 22 Under the plain error doctrine, a defendant must not only demonstrate that the error was obvious, but also that it was harmful or "of such a magnitude that there is a reasonable likelihood of a more favorable outcome for the defendant." *State v. Evans,* 2001 UT 22, ¶ 16, 20 P.3d 888; *Holgate,* 2000 UT 74 at ¶ 13, 10 P.3d 346. This harmfulness test is equivalent to the prejudice test applied in assessing claims of

ineffective assistance of counsel. *State v. Parker*, 2000 UT 51, ¶ 10, 4 P.3d 778. "Where a defendant challenges a guilty plea on grounds of ineffective assistance of counsel, he or she must show a 'reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial.'" *Parsons v. Barnes*, 871 P.2d 516, 525 (Utah 1994) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Therefore, counsel's deficient performance must have "affected the outcome of the plea process." *Id.* Similarly, establishing harm in the present context generally requires the defendant's assertion that "but for" the alleged error, he or she would not have pled guilty. *See State v. Martinez*, 2001 UT 12, ¶ 17, 26 P.3d 203 (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ ¶ 23 In the instant case, Dean has never asserted that the trial court's alleged error prejudiced him in any way. Dean argues that "[s]ince a right to a speedy public trial before an impartial jury is a substantial constitutional right, the need to make a separate finding of harm is unnecessary and presumed to be harmful if the trial court fails to inform a defendant accordingly." We disagree, and hold that Dean was required to show that any error by the court actually "affected the outcome of the plea process." *Parsons*, 871 P.2d at 525. Dean did not argue that but for the court's omission of the words "speedy" and "impartial" he would not have pled guilty and would have gone to trial. Therefore, he has failed to satisfy the third element of plain error analysis. *See State v. Hamilton*, 827 P.2d 232, 240 (Utah 1992) (stating where harm is not shown, plain error is not established).

## CONCLUSION

¶ 24 Having concluded that Dean failed to establish either that any error by the trial

court was obvious or that he was harmed by any such error, we decline to find plain error.[2] We reverse the court of appeals and affirm the trial court's denial of Dean's motion to withdraw his guilty plea.

¶ 25 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.

---

2. Our holding is not intended to undermine our consistent emphasis on compliance with rule 11 in all plea proceedings. *See State v. Thurman*, 911 P.2d 371, 372–73 (Utah 1996); *State v. Gibbons*, 740 P.2d 1309, 1312 (Utah 1987). The plea statement used in this case requires review and the words "speedy" and "impartial" should be added to remove any possibility of future challenges resembling the one currently before

us. Likewise, trial judges should be attentive to the nuances of rule 11's language as they use and rely on plea statements. The Statement of Defendant in Support of Guilty Plea, found as Form 1 in the Appendix of Forms to the Utah Rules of Criminal Procedure, will "[w]hen properly filled out" comprise a "statement for purposes of strict compliance with Rule 11[.]" Utah R.Crim. P., Appendix of Forms (2003).