IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100444-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 19, 2012) |
| Jacob Ronald Lucero, | ) | |
| | ) | 2012 UT App 202 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 081906095
The Honorable Deno G. Himonas

Attorneys:     Debra M. Nelson and Isaac E. McDougall, Salt Lake City, for Appellant
                      Mark L. Shurtleff and Karen A. Klucznik, Salt Lake City, for Appellee

-----

Before Judges Voros, Thorne, and Roth.

ROTH, Judge:

¶1     Defendant Jacob Ronald Lucero appeals his convictions for assault, *see* Utah Code Ann. § 76-5-102 (2008), aggravated assault, *see id.* § 76-5-103 (current version at *id.* (Supp. 2011)), failure to stop at the command of a law enforcement officer, *see id.* § 76-8-305.5, and interference with an arresting officer, *see id.* § 76-8-305.  We affirm.

¶2     Lucero challenges his convictions on the basis that there was insufficient evidence from which the jury could find him guilty beyond a reasonable doubt.  "We will reverse a jury conviction for insufficient evidence only when the evidence, [viewed in the light most favorable to the jury's verdict], is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt

that the defendant committed the crime of which he . . . was convicted." *State v. White*, 2011 UT App 162, ¶ 7, 258 P.3d 594 (omission in original) (internal quotation marks omitted). "The court's inquiry ends when there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the crime can reasonably be made." *Id.* ¶ 8 (internal quotation marks omitted).

## I. Assault

¶3     Lucero first challenges his conviction for assault, a class A misdemeanor, arguing that there was insufficient evidence to prove that the victim suffered substantial bodily injury. At trial, the jury was instructed on self-defense, and Lucero also argues that there was insufficient evidence to prove beyond a reasonable doubt that he did not act in self-defense.

## A. Substantial Bodily Injury

¶4     Lucero contends that there is insufficient evidence from which the jury could find that he inflicted substantial bodily injury on the victim. "Assault is . . . an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another." Utah Code Ann. § 76-5-102(1)(c). "Assault is a class A misdemeanor if . . . [it] causes substantial bodily injury to another." *Id.* § 76-5-102(3)(a). Substantial bodily injury is an injury "that creates or causes protracted physical pain, temporary disfigurement, or temporary loss or impairment of the function of any bodily member or organ." *Id.* § 76-1-601(12).

¶5     At trial, the State presented evidence that Lucero hit the victim about twenty times, causing the victim to suffer gaping cuts to his lip, below his lip, and on his chin. Two of those cuts required stitches. Further, the victim had a visible scar at the time of trial, almost two years after the assault. From this evidence, the jury could reasonably conclude that the victim suffered substantial bodily injury. *See, e.g., White*, 2011 UT App 162, ¶ 11 (concluding that there was sufficient evidence from which the jury could reasonably find that the defendant inflicted substantial bodily injury on the victim where there was evidence of "a small facial laceration that bled significantly, continued to bleed for up to thirty minutes, and left a two to three inch scar visible at trial five months later," even though at the time of trial the scar was not very apparent, had to be pointed out to the jury, and may have been temporary).

B.  Self-Defense

¶6     Lucero also challenges his conviction for assault, arguing that there was insufficient evidence to prove beyond a reasonable doubt that he did not act in self-defense.  "A person is justified in . . . using force against another [in self-defense] when and to the extent that he . . . reasonably believes that force is necessary to defend himself . . . against such other's imminent use of unlawful force."  Utah Code Ann. § 76-2-402(1) (2008) (current version at *id.* § 76-2-402(1)(a) (Supp. 2011)).  "In determining [the] imminence or reasonableness" of force used in self-defense, "the trier of fact may consider . . . the nature . . . [and the] immediacy of the danger."  *Id.* § 76-2-402(5).  "[W]hen there is a basis in the evidence . . . , which would provide some reasonable basis for the jury to conclude that . . . the defendant [acted to protect himself] from an imminent threat . . . , an instruction on self-defense should be given to the jury."  *State v. Knoll*, 712 P.2d 211, 214 (Utah 1985).  Once the jury has been instructed on self-defense, "the [State] has the burden to prove beyond a reasonable doubt that the [defendant did] . . . not [act] in self-defense."  *Id.*

¶7     The trial court instructed the jury on self-defense based on evidence presented at trial that Lucero only attacked the victim because he felt that he needed to protect himself.  Lucero testified that a friend had told him about six weeks before the assault occurred that the victim was going "to jump" him.  According to Lucero, when the assault occurred, he and the victim "just started fighting."  The State, however, elicited testimony that the victim did nothing to instigate the assault, nor did he fight back when Lucero attacked him; rather, according to testimony given by other witnesses, including the victim, Lucero simply approached the victim and started hitting him.  Lucero also testified that on the day of the assault, he and the victim had shared and "enjoyed" some beers together, so he had "figured everything was okay."  Based on this evidence, the jury could have found beyond a reasonable doubt that Lucero had not acted in self-defense.

¶8     Because there is sufficient evidence from which the jury could find that Lucero caused the victim to suffer substantial bodily injury, and because there is sufficient evidence from which the jury could find that Lucero did not act in self-defense, we conclude that there was sufficient evidence from which the jury could find Lucero guilty beyond a reasonable doubt for assault, a class A misdemeanor.

II. Other Convictions

¶9      Lucero next argues that there was insufficient evidence to support his convictions for aggravated assault, *see* Utah Code Ann. § 76-5-103(1)(b) (2008) (current version at *id.* § 76-5-103(1)(a) (Supp. 2011)), failure to stop at the command of a law enforcement officer, *see id.* § 76-8-305.5, and interference with an arresting officer, *see id.* § 76-8-305.

¶10     These offenses arose out of the series of events following the assault and leading to Lucero's arrest. Lucero fled on a bicycle as officers responded to the scene of the assault. One of the responding officers saw Lucero on the bicycle and followed him in a marked patrol car. The officer activated his overhead lights and began chirping the siren. Lucero looked back, apparently saw the officer following him, and began to pedal his bicycle faster and harder.[1]

¶11     After following Lucero through the area, the officer passed him and pulled the patrol car into Lucero's path, blocking him. Lucero did not stop in time, hit the front fender of the patrol car, and fell off his bike onto the ground. The officer got out of his patrol car and yelled, "Stop. Police. You are under arrest." Lucero, however, started to get up, apparently in an attempt to run away. The officer ran toward Lucero, preparing to tackle him. As the officer closed in, he saw Lucero reach behind his back. When the officer tackled him, Lucero had a knife in his hand and was screaming, "I am going to fucking kill you." The officer and Lucero fought until the officer managed to get the knife out of Lucero's hand.[2] Lucero continued to resist the officer's attempts to subdue him and take him into custody, and the knife, though then on the ground, remained within Lucero's reach. Eventually, two other officers arrived to find Lucero actively hitting the officer who had pursued him; they also saw the knife on the ground. The

---

[1]"A person is guilty of" failure to stop at the command of a law enforcement officer if that person "flees from or otherwise attempts to elude a law enforcement officer[] after the officer has issued a verbal or visual command to stop[,] for the purpose of avoiding arrest." Utah Code Ann. § 76-8-305.5 (2008).

[2]"A person commits aggravated assault if he commits assault . . . and . . . uses a dangerous weapon." Utah Code Ann. § 76-5-103(1)(b) (2008) (current version at *id.* § 76-5-103(1)(a) (Supp. 2011)).

officers joined in the effort to subdue Lucero and managed to take him into custody only with the use of a taser.[3]

¶12    In arguing that there was insufficient evidence to support these convictions, Lucero relies on his own testimony and the testimony of another witness, which testimonies describe a different version of the events. According to those testimonies, Lucero did not see the officer pursuing him in a patrol car; the patrol car did not have its lights or siren on; the patrol car hit Lucero's bicycle from behind, causing him to fall over his handle bars; and after the patrol car hit Lucero's bicycle, Lucero did not struggle or resist but was hurt and lying on the ground when the officers beat and tased him without provocation. Lucero argues that this contradictory testimony makes the evidence supporting his convictions "so inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt" as to his guilt. *See generally State v. White*, 2011 UT App 162, ¶ 7, 258 P.3d 594 ("We will reverse a jury conviction for insufficient evidence only when the evidence . . . is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he . . . was convicted." (second omission in original) (internal quotation marks omitted)).

---

[3]    "A person is guilty of" interference with an arresting officer if

he has knowledge, or by the exercise of reasonable care should have knowledge, that a peace officer is seeking to effect a lawful arrest or detention of that person or another and interferes with the arrest or detention by:
        (1) use of force or any weapon;
        (2) the arrested person's refusal to perform any act required by lawful order:
                (a) necessary to effect the arrest or detention; and
                (b) made by a peace officer involved in the arrest or detention; or
        (3) the arrested person's or another person's refusal to refrain from performing any act that would impede the arrest or detention.

Utah Code Ann. § 76-8-305 (2008).

¶13  The evidence Lucero relies upon, however, does not render the evidence that supports the jury's verdict inconclusive or inherently improbable. Rather, the evidence is merely contradictory, and "[c]ontradictory [evidence] alone is not sufficient to disturb a jury verdict." *State v. Watts*, 675 P.2d 566, 568 (Utah 1983). "When . . . evidence . . . is conflicting or disputed, the jury serves as the exclusive judge of both the credibility of witnesses and the weight to be given particular evidence." *State v. Workman*, 852 P.2d 981, 984 (Utah 1993). Accordingly, we will "not reassess credibility or reweigh the evidence, but [will] resolve conflicts in the evidence in favor of the jury verdict." *See id.* And because "there is some evidence . . . from which findings of all the requisite elements of the crime[s] can reasonably be made," we conclude that there is sufficient evidence from which the jury could find Lucero guilty of those crimes beyond a reasonable doubt. *See White*, 2011 UT App 162, ¶ 8 (internal quotation marks omitted).

¶14  Accordingly, we affirm.

_____
Stephen L. Roth, Judge

-----

¶15  WE CONCUR:

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

_____
William A. Thorne Jr., Judge