**2013 UT App 127**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF R.D., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

B.H.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20130270-CA
Filed May 16, 2013

Eighth District Juvenile, Vernal Department
The Honorable Larry A. Steele
No. 1054310

Colleen K. Coebergh, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys
for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES ORME, MCHUGH, and ROTH.

PER CURIAM:

¶1　　B.H. (Mother) appeals the juvenile court's order terminating her parental rights in R.D. We affirm.

¶2　　Mother first asserts that the juvenile court committed plain error when it permitted the father's (Father) counsel to represent Father when counsel had a conflict of interest. To demonstrate plain error, a party must show that an error exists, that the error should have been obvious to the court, and that there is a

reasonable likelihood that the error affected the outcome of the case. *State v. Dean*, 2004 UT 63, ¶ 15, 95 P.3d 276. Given that there is nothing in the record regarding counsel's alleged job change, notice to clients, or waiver of the conflict by Father, Mother cannot show that any alleged conflict of interest would have been obvious to the juvenile court. There is nothing to indicate that the juvenile court knew of the circumstances of counsel's continued representation of Father. Accordingly, Mother cannot establish plain error.

¶3     Mother also argues that there was insufficient evidence to support the termination of her parental rights. A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶4     Additionally, pursuant to Utah Code section 78A-6-507, the finding of any single ground is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012) (providing that the court may terminate parental rights if it finds any one of grounds listed); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any one of the grounds for termination found by the juvenile court, the termination of Mother's rights is appropriate.

¶5     There is sufficient evidence to support that Mother was an unfit parent. She admittedly continued to use methamphetamine

from the time R.D. was initially removed from her care in June 2011 until he was taken back into custody by the Division of Child and Family Services (DCFS) in March 2012. Rather than participating in services to work toward competency when she had the opportunity, Mother absconded with R.D. in September 2011 after learning that DCFS had a warrant to take him back into custody. After leaving the state with R.D., Mother continued her drug use, remained unemployed, and bounced around living situations with no permanent housing of her own. As a result of Mother's unstable lifestyle, R.D. had no continuity or security and was in poor physical and emotional condition when DCFS finally located and regained physical custody of him. Accordingly, the evidence in the record supports the juvenile court's finding that Mother was unfit based on her drug use and instability, thereby justifying the termination of her parental rights. *See* Utah Code Ann. § 78A-6-507(1)(c) (providing for termination of parental rights if a parent is unfit).

¶6     Mother also asserts that the juvenile court improperly weighed her present ability to parent. There is abundant evidence in the record demonstrating Mother's long–term drug use, instability, dysfunctional relationship with Father, unemployment, and failure to properly care for R.D. Mother argues that her efforts to rehabilitate herself during her seven months in jail are sufficient to overcome her extensive history of addiction and instability detrimental to R.D. In essence, Mother seeks to have this court reweigh the evidence before the juvenile court. However, because there is a foundation in the evidence to support the juvenile court's decision, we will not reweigh the evidence. *See In re B.R.*, 2007 UT 82, ¶ 12.

¶7     Affirmed.

_____