**2013 UT App 128**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
ANGELO NOE MARTINEZ,
Defendant and Appellant.

Per Curiam Decision
No. 20120487-CA
Filed May 23, 2013

Second District, Ogden Department
The Honorable W. Brent West
No. 111901512

Samuel P. Newton, Attorney for Appellant
John E. Swallow and Michelle M. Young, Attorneys
for Appellee

Before JUDGES ORME, ROTH, and CHRISTIANSEN.

PER CURIAM:

¶1     Angelo Noe Martinez appeals his sentence after a conviction on a third degree felony charge. We affirm.

¶2     A trial court's sentencing decision is reviewed for abuse of discretion. *State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "This includes the decision to grant or deny probation." *Id.* "A defendant is not entitled to probation, but rather the trial court is empowered to place the defendant on probation if [the court] thinks that will best serve the ends of justice and is compatible with the public interest." *Id.* ¶ 23. An appellate court may find an abuse of discretion only "if it can be said that no reasonable person would take the view adopted by the trial court." *Id.* ¶ 14.

¶3 Martinez argues that the trial court plainly erred in failing to place him on probation. He contends that because the trial court stated that probation was the appropriate sentence for this particular case, the trial court erred when it sentenced him to prison instead. Martinez overstates the trial court's comments.

¶4 The trial court noted that if the instant case had been the only felony conviction that Martinez had, the trial court would have considered probation in this case. This statement does not entitle Martinez to probation. Rather, it highlights the fact that Martinez already had two other felony convictions. Given that the current case was Martinez's third felony conviction in less than one year, he cannot show that the trial court abused its discretion in sentencing him to a concurrent prison term rather than probation.

¶5 Martinez argues that his sentence constitutes plain error. To demonstrate plain error, a party must show that an error exists, that the error should have been obvious to the court, and that there is a reasonable likelihood that the error affected the outcome of the case. *State v. Dean*, 2004 UT 63, ¶ 15, 95 P.3d 276. Because Martinez cannot establish that the trial court abused its discretion in sentencing him to a concurrent prison term, he fails to show that an error exists, and thus he cannot demonstrate plain error.

¶6 Affirmed.

—————