2013 UT App 154

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
ANGELO NOE MARTINEZ,
Defendant and Appellant.

Memorandum Decision
No. 20120297-CA
Filed June 20, 2013

Second District, Ogden Department
The Honorable W. Brent West
No. 101900070

Samuel P. Newton, Attorney for Appellant
John E. Swallow and Karen A. Klucznik, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and
CAROLYN B. MCHUGH concurred.

CHRISTIANSEN, Judge:

¶1     Defendant Angelo Noe Martinez appeals his convictions for
aggravated assault and distribution of a controlled substance in a
drug-free zone. We affirm.

¶2     Defendant's convictions stem from a drug transaction that
took place at a public park in January 2010.[1] During the transaction,
Defendant stabbed Luis Torres after Torres threatened Defendant

---

1. "On appeal, we recite the facts in the light most favorable to the
jury's verdict." *State v. Burk*, 839 P.2d 880, 882 (Utah Ct. App. 1992).

with a gun. At trial, defense counsel argued that Defendant stabbed Torres in self-defense. Accordingly, the trial court's jury instructions included a summary of the law of self-defense. The relevant jury instruction included the following sentence: "A person is not justified in using force . . . if the person is attempting to commit, committing, or fleeing after the commission or attempted commission of a felony." *See also* Utah Code Ann. § 76-2-402(2)(a)(ii) (LexisNexis 2012).[2] On November 18, 2011, the jury convicted Defendant of aggravated assault, a third degree felony, and arranging to distribute a controlled substance in a drug-free zone, a second degree felony.

¶3     On appeal, Defendant asserts that the trial court failed to adequately instruct the jury on his claim of self-defense. "'[W]hen there is a basis in the evidence . . . , which would provide some reasonable basis for the jury to conclude that . . . the defendant [acted to protect himself] from an imminent threat . . . , an instruction on self-defense should be given to the jury.'" *State v. Lucero,* 2012 UT App 202, ¶ 6, 283 P.3d 967 (alterations and omissions in original) (quoting *State v. Knoll*, 712 P.2d 211, 214 (Utah 1985)). Even though the trial court did instruct the jury on the law of self-defense, Defendant claims that the court's instructions were flawed because they did not properly explain the State's and Defendant's relative burdens of proof. *See id.* ("Once the jury has been instructed on self-defense, the [State] has the burden to prove beyond a reasonable doubt that the [defendant did] . . . not [act] in self-defense." (alterations and omission in original) (citation and internal quotation marks omitted)). Defendant asserts that the trial court's error in failing to provide proper instructions requires reversal of his convictions.

---

2. Because the current statutory provisions do not materially differ from the provisions in effect at the time of the offense, we cite the current version of the Utah Code for the reader's convenience.

¶4    At the outset, we note, and Defendant acknowledges, that he did not preserve his objection to the jury instructions before the trial court. Therefore, we must review his claim for plain error. *See* Utah R. Crim P. 19(e) ("Unless a party objects to an instruction or the failure to give an instruction, the instruction may not be assigned as error except to avoid a manifest injustice.")[3]; *see also State v. Lee*, 2006 UT 5, ¶ 24, 128 P.3d 1179 (permitting appellate review of unpreserved claims for plain error, exceptional circumstances, and ineffective assistance of counsel). A party seeking reversal under the plain error standard must prove that "'[1] [a]n error exists; [2] the error should have been obvious to the trial court; and [3] the error is harmful.'" *See State v. Powell*, 2007 UT 9, ¶ 18, 154 P.3d 788 (alterations in original) (quoting *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993)). A party must prove all three prongs to successfully mount a plain error challenge. *See State v. Dean*, 2004 UT 63, ¶ 15, 95 P.3d 276 ("If any one of these requirements is not met, plain error is not established." (citation and internal quotation marks omitted)). Because resolution of this case turns on the third prong, we limit our analysis to a discussion of harmfulness. To establish that an error is harmful, a party must demonstrate that, "absent the error, there is a reasonable likelihood of a more favorable outcome." *Lee*, 2006 UT 5, ¶ 26 (citation and internal quotation marks omitted).

¶5    Additionally, Defendant argues for the first time on appeal that his convictions should be overturned as a result of the ineffective assistance of his trial counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Defendant argues that his trial counsel's failure to request specific instructions regarding the burdens of proof for a claim of self-defense was objectively deficient performance and prejudiced his defense by seriously undermining the fairness of his trial. According to Defendant, "it seems likely that with proper instructions, the jury would have

---

3. "Manifest injustice is synonymous with the plain error standard . . . ." *State v. Jimenez*, 2012 UT 41, ¶ 20, 284 P.3d 640.

considered self-defense to create a reasonable doubt as to [Defendant's] guilt." We review this claim as a matter of law. *See State v. Sellers*, 2011 UT App 38, ¶ 9, 248 P.3d 70. To warrant reversal, Defendant must first "demonstrate that specific acts or omissions of counsel fell below an objective standard of reasonableness." *See Powell*, 2007 UT 9, ¶ 45. Second, Defendant must show that this deficient performance prejudiced his defense. *See Strickland,* 466 U.S. at 687. Prejudice is established by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Powell,* 2007 UT 9, ¶ 45 (citation and internal quotation marks omitted). Thus, the prejudice test for ineffective assistance of counsel claims is equivalent to the harmfulness test for plain error. *See Dunn,* 850 P.2d at 1225.

¶6     We conclude that Defendant's claims of plain error and ineffective assistance fail because he cannot demonstrate that the instructions given to the jury were harmful or that his counsel's failure to request proper instructions resulted in prejudice. Because the analysis is equivalent on both claims, we limit our analysis to whether providing the jury with an instruction setting forth the appropriate burdens of proof would have created a reasonable probability, in this instance, that Defendant would have been acquitted.[4]

¶7     As a general matter, self-defense is not available as a defense to a criminal act in several circumstances. *See* Utah Code Ann. § 76-2-402(2)(a)(i)–(iii) (LexisNexis 2012). One such circumstance occurs when a defendant uses force while attempting to commit,

---

4. The Utah Supreme Court has held that lack of prejudice is dispositive of a defendant's plain error claim. *See Jimenez*, 2012 UT 41, ¶ 20. The United States Supreme Court has also instructed, "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

committing, or fleeing after the commission or attempted commission of a felony. *Id.* § 76-2-402(2)(a)(ii). Here, the State does not dispute that Defendant was acting in what would otherwise be reasonable self-defense when he stabbed Torres. However, the State argues that because Defendant's use of force occurred during Defendant's drug transaction, a second degree felony, he is precluded from claiming self-defense. We agree.

¶8      With respect to Defendant's drug conviction, we determine that even if the jury instructions had been prepared exactly to Defendant's specification, those instructions could not have affected the jury's decision on the drug count because self-defense is not a valid defense to the attempted commission of a drug offense. *See id*. § 76-2-401(1) ("Conduct which is justified is a defense to prosecution for any offense *based on the conduct*." (emphasis added)). Here, the conduct for which Defendant claims self-defense was his stabbing of Torres. Yet the State's prosecution of the drug offense was based on Defendant's arrangement to sell drugs. Thus, Defendant is statutorily precluded from claiming self-defense for the drug offense. Because Defendant does not challenge his drug conviction on any other grounds, we affirm the jury's verdict on this count.

¶9      As to the aggravated assault charge, Defendant has never disputed that he stabbed Torres. Indeed, his entire defense hinged on his claim of self-defense, which necessarily involved admission of the underlying assault. However, because we affirm Defendant's conviction of the felony drug offense, Defendant's use of force against Torres cannot be justified because it occurred during the drug transaction. *See id.* § 76-2-402(2)(a)(ii). Accordingly, even if the jury instructions had been written as he preferred, there is not a reasonable probability that Defendant would have been acquitted of the aggravated assault.

¶10     Defendant is correct in asserting that a proper self-defense jury instruction should inform the jury about the burdens of proof necessary for self-defense to be considered. However, Defendant

could not have successfully raised such a defense in this case. That is, Defendant's use of force against Torres cannot be justified here because the stabbing occurred during the commission of a felony. Therefore, Defendant cannot demonstrate that the trial court's failure to provide jury instructions setting forth the appropriate burdens of proof was harmful under the plain error standard. Nor can Defendant demonstrate that his trial counsel's failure to request such instructions prejudiced him, resulting in ineffective assistance at trial. Accordingly, we decline to reverse Defendant's convictions.

¶11    Affirmed.

————