2013 UT App 283

**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Celestial CHRISTENSEN, Defendant and Appellant.**

**No. 20121017–CA.**

Court of Appeals of Utah.

Nov. 29, 2013.

Richard G. Sorenson, for Appellant.

Padma Veeru–Collings, for Appellee.

Before JUDGES GREGORY K. ORME, CAROLYN B. McHUGH, and STEPHEN L. ROTH.

Decision

PER CURIAM:

¶ 1 Celestial Christensen appeals her convictions of assaulting a police officer and interfering with an arrest. We affirm.

¶ 2 Christensen asserts that there was insufficient evidence to support the jury's verdict. In reviewing a jury verdict, an appellate court evaluates the evidence and all reasonable inferences in the light most favorable to the verdict. *State v. Fedorowicz*, 2002 UT 67, ¶ 40, 52 P.3d 1194. Additionally, it is assumed that the jury believed the evidence supporting the verdict. *Id.* Also, appellate courts generally will not reevaluate the credibility of witnesses. *Id.* Rather, "[w]hen the evidence presented is conflicting or disputed, the jury serves as the exclusive judge of both the credibility of witnesses and the weight to be given particular evidence." *State v. Workman*, 852 P.2d 981, 984 (Utah 1993). An appellate court's inquiry ends when there is some evidence, including reasonable inferences drawn therefrom, from which each element of the crime charged may be found. *State v. White*, 2011 UT App 162, ¶ 8, 258 P.3d 594.

¶ 3 In this case, there was sufficient evidence presented at trial from which the jury could find all the required elements of the crimes charged. The person who called in the complaint about the noise from the party testified that he recognized Christensen's voice during the party, contradicting Christensen's own testimony that she did not participate. The initial two responding officers testified consistently about their arrival at the party and Christensen's conduct when she came to talk with the officers. Their observations and recollections were congruous and were sufficient for a jury to convict on both charges. Two defense witnesses gave testimony that contradicted the officers' testimony, which Christensen argues renders the evidence insufficient. However, contradictory evidence alone is not sufficient to overturn a jury verdict. *State v. Lucero*, 2012 UT App 202, ¶ 13, 283 P.3d 967. Rather, the jury determines which evidence to believe when conflicting evidence is presented. *Fedorowicz*, 2002 UT 67, ¶ 40, 52 P.3d 1194.

¶ 4 The evidence at trial was sufficient for the jury to find that Christensen assaulted a police officer by kicking at him several times. Although Christensen disputes that she caused any bodily harm, an assault may be completed by an attempt to cause bodily injury or by an act that creates a substantial risk of bodily injury. *See* Utah Code Ann. § 76–1–601(3) (LexisNexis 2012). The testimony regarding her efforts to kick the officer, including that Christensen made at least one solid impact, is sufficient to support a jury verdict of assaulting a police officer.

¶ 5 Additionally, the evidence was sufficient to support a conviction for interfering with an arrest. Testimony was presented that Christensen did not comply with requests from the officers and resisted with violence multiple times.

¶ 6 Christensen argues that the officers were not acting within the scope of their lawful authority because they used excessive force to arrest her and that she was therefore entitled to defend herself. However, the officers' testimony of what occurred differs from her testimony regarding the use of force. We assume that the jury believed the officers' account rather than Christensen's and accordingly determined that there was no use of excessive force in effecting the arrest. We conclude that the evidence was sufficient to support the jury's verdict on both counts.

¶ 7 Affirmed.