**2014 UT App 183**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
EARL PATTERSON,
Defendant and Appellant.

Per Curiam Decision
No. 20130306-CA
Filed August 7, 2014

Eighth District Court, Vernal Department
The Honorable Edwin T. Peterson
No. 111800437

Colleen K. Coebergh, Attorney for Appellant

Sean D. Reyes and Kris C. Leonard,
Attorneys for Appellee

Before JUDGES JAMES Z. DAVIS, STEPHEN L. ROTH, and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1     Earl Patterson appeals his conviction after a guilty plea to a charge of rape of a child and the trial court's denial of his motion to withdraw his guilty plea. We affirm.

¶2     Patterson argues that the trial court erred in denying his motion to withdraw his guilty plea because he could not hear well enough to understand the proceeding and because he did not understand the plea agreement. He also asserts that he was not properly informed of the minimum mandatory sentence for the

charge and that the plea was inappropriately transformed into an *Alford* plea.[1]

¶3      A guilty plea "may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made." Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2012). To show that a plea was not knowingly and voluntarily made, a defendant must show either that he did not in fact understand the nature of the constitutional protections that he was waiving or that his understanding of the charge was so lacking that the plea cannot stand as an intelligent admission of guilt. *State v. Alexander*, 2012 UT 27, ¶ 23, 279 P.3d 371. The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *State v. Lovell*, 2011 UT 52, ¶ 5, 262 P.3d 803.

¶4      Patterson has not shown that the trial court abused its discretion in denying his motion to withdraw his plea. Although he asserts that he did not understand the proceedings because he could not hear, the record shows otherwise. At the beginning of his change-of-plea hearing, the trial court was notified that Patterson was hard of hearing. With the participation of Patterson, trial counsel, and the trial court, a level of speaking was settled upon that permitted Patterson to hear the proceeding. Patterson told the court the level was appropriate, and he did not indicate any difficulty hearing through the entire proceeding; he did not ask for anything to be repeated, nor did he state that he could not hear the interactions. He responded appropriately to questions and participated in the proceeding seemingly without difficulty.

¶5      Additionally, Patterson's assertion that he did not understand the change-of-plea document is not supported by the record.

---

1. In an *Alford* plea, a defendant does not acknowledge guilt but pleads guilty to the offense in recognition that the prosecution has sufficient evidence to obtain a guilty verdict at trial. *North Carolina v. Alford*, 400 U.S. 25, 28 (1970).

At the change-of-plea hearing, Patterson told the trial court that he had sufficient time to discuss matters with his attorney and that he was satisfied with the advice received. He indicated that he had read the document, acknowledged that he had initialed each paragraph, and acknowledged that he could read and understand English. In addition to the written document explaining Patterson's rights, the trial court asked Patterson if he understood the constitutional rights that he would be waiving by entering the plea. Patterson responded to each question by indicating that he understood the rights waived. Given this record, Patterson's self-serving assertions that he did not actually understand the proceedings or the document do not establish that the trial court abused its discretion in denying the motion to withdraw his plea.[2]

¶6 Patterson also argues that he received ineffective assistance of counsel in the entry of his plea. To establish ineffective assistance of counsel, Patterson must show both that counsel's performance was objectively deficient and that such deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Although there are two parts to the required showing, there is no need to address both parts where one is not satisfied. *State v. Person*, 2006 UT App 288, ¶ 13, 140 P.3d 584. To establish prejudice for a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v.*

---

2. Patterson also argues that he should have been allowed to withdraw his plea because the plea was inappropriately changed into an *Alford* plea and because he did not understand the mandatory minimum sentence for the charge. Patterson did not raise these arguments in his motion to withdraw his plea in the trial court. Accordingly, they are not properly before this court and we do not address them. *State v. Dean*, 2004 UT 63, ¶ 13, 95 P.3d 276 (noting that appellate courts generally will not consider issues raised for the first time on appeal).

*Dean*, 2004 UT 63, ¶ 22, 95 P.3d 276. Patterson does not assert that he would have gone to trial or address this standard in any manner in his brief. Accordingly, he has failed to show that any prejudice resulted from any asserted conduct by counsel. As a result, his claim of ineffective assistance of counsel fails.

¶7     Affirmed.

————